Per Curiam.

Order entered April 2, 1975 (Levy, J.) affirmed, without costs.
Plaintiff brings this action to recover civil penalties under article 51 of the Administrative Code. Appellant Bryant Westchester Realty Corp. acquired the subject premises by deed in lieu of foreclosure (see Multiple Dwelling Law, § 304, subd 6). It asserts that it acquired the property on September 3, 1974. The action was commenced on October 18, 1974 (see People v Rodriguez, NYLJ, May 2, 1977, p 6, col 3). Appellant James Robertson is the managing agent of the corporate appellant (see People v Sakow, NYLJ, Jan. 31, 1977, p 6, col 2).
Appellant Bryant Westchester Realty Corp. moved to dismiss the complaint and for other relief. It argues that inasmuch as it took title to the property after the notices of violation at issue were served upon the former owner, and inasmuch as no new notices were served upon it, it bears no liability for the penalties. Appellant James Robertson moves *818 to dismiss the complaint on the additional ground that he has no personal liability for any failures of the owner.
Pursuant to sections 327 and 328 of the Multiple Dwelling Law, respondent Housing and Development Administration maintains an index, available to the public, of all violations in buildings within its jurisdiction. It is, apparently, a general custom in the real estate industry that prospective purchasers of multiple dwellings make a search of this list prior to purchasing. While the corporate appellant did not purchase the property, but rather acquired the premises by deed in lieu of foreclosure, the means were available to it to make the search. Indeed, a special provision exists, enabling a mortgagor or lienor to register with respondent and receive notice of all violations (Administrative Code of City of New York, § D26-41.25).
As to appellant Robertson, subdivision (3) of section D2641.03 of the Administrative Code provides that an owner must register the name of a managing agent who will "be in control of and responsible for the maintenance and operation of such dwelling”. Under the code and subdivision 44 of section 4 of the Multiple Dwelling Law, an "owner” includes an agent "directly or indirectly in control of a dwelling”. Appellant Robertson’s status as agent, therefore, does not ipso facto insulate him from liability.
Several factual issues thus preclude summary disposition of this case. These include: The character of the conditions complained of and the application of subdivision 6 of section 304 of the Multiple Dwelling Law to these conditions; appellants’ knowledge of the violations of record; whether appellants willfully violated the notices of violations of record; appellants’ relationship to the former owner; whether, assuming that subdivision 6 of section 304 of the Multiple Dwelling Law is not applicable to any of the violations, appellants had a reasonable time to correct these violations after acquiring title; the character of appellant Robertson’s employment by the corporate appellant; matters in defense or mitigation specified in section D26-51.03 of the Administrative Code.
The motions to dismiss the complaint were thus properly denied.
Concur: Tierney, J. P., Riccobono and Gellinoff, JJ.