OPINION OF THE COURT
Lewis R. Friedman, J.
These are two cases which were commenced under RPAPL article 7-A. They are being decided together because they present for decision two important issues which have not been addressed in the reported cases: (1) the rights of a party who commences a proceeding under RPAPL article 7-A to file a notice of pendency, and (2) the rights of the owner to a cancellation of a notice of pendency which has been filed in an article 7-A proceeding.
BACKGROUND
A proceeding under RPAPL article 7-A can be commenced either by the Commissioner of the Department of Housing Preservation and Development of the City of New York (DHPD) or by one third or more of the tenants in a dwelling. The petition alleges that there are conditions at the premises which are "dangerous to the life, health and safety” of the tenants. (RPAPL 770 [1].) The petition seeks that an administrator be appointed who is authorized "to demand, collect and receive the rents from the tenants”. (RPAPL 778 [1].) The administrator "is authorized and empowered in accordance with the direction of the court, to order the necessary materials, labor and services to remove or remedy the conditions specified in the judgment, and to make disbursements in payment thereof’. (RPAPL 778 [1]; Matter of Levine v State Div. of Hous. & Community Renewal, 126 Misc 2d 531, 534 [Sup Ct, NY County 1984].) "The substance of these provisions is to put the administrator in the position of an owner for some purposes. That is, the administrator takes the rents which are collected and uses them to do the repairs which the owner has neglected or refused to do. The administrator does not, however, fully stand in the shoes of the owner.” (Lawrence v Martin, 131 Misc 2d 256, 258 [Civ Ct 1986].)
*147 In the Shihab case the proceeding was commenced by a number of the tenants at 215-17 West 108th Street. The respondent owners have answered and the matter is awaiting trial. DHPD has been joined as a party respondent. At the commencement of the proceeding the petitioners filed a notice of pendency to be indexed against the property. The respondent owners have moved to cancel the notice of pendency on the ground that CPLR 6501 does not authorize the filing of a notice of pendency in a proceeding under RPAPL article 7-A.
The Gomez case was originally commenced as an article 7-A proceeding by the Commissioner of DHPD. A notice of pendency was filed. Thereafter, the tenants were substituted as the petitioners. (See, RPAPL 770.) The matter proceeded to trial. After trial, the court granted judgment for the respondent owner on various grounds and awarded substantial abatements in the companion nonpayment proceedings which had been tried together. The owner, which has allegedly entered into a contract to sell the property, has moved for a cancellation of the notice of pendency. DHPD, which had not taken an active role in the trial, opposes the motion since it may appeal from the judgment of dismissal.
DISCUSSION
The threshold consideration in both cases is whether CPLR 6501 is applicable. That statute limits a notice of pendency to cases where "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property.”
The Court of Appeals has recently analyzed the historical role of a notice of pendency and its common-law antecedent, the lis pendens. (See, 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313 [1984].) The court (p 320) noted its concern that "the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review.” That is, if the proceeding is one which comes within the statute, the proceeding is brought in good faith, and the procedural steps have been strictly followed, "there is little a court may do to provide relief to the property owner.” (64 NY2d, at p 320.) The court must look solely at the allegations in the complaint or petition and may not determine the likelihood of success.
Accordingly, well-established policy considerations "mandate a narrow interpretation in reviewing whether an action is one affecting 'the title to, or the possession, use or enjoy *148 ment of, real property’ (CPLR 6501).” (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321, supra.) The "narrow interpretation” has apparently never been applied to a proceeding under RPAPL article 7-A.
The basic rule that the courts have applied is whether the pleading on its face directly affects the necessary interest in the land. There are numerous cases finding the notice of pendency improperly filed because the relationship of the action to the realty was only indirect. See, e.g., 5303 Realty Corp. v O & Y Equity Corp. (supra), where the court found that a contract to sell all the shares of stock in a corporation whose only asset was a parcel of land was not one directly affecting the realty; Braunston v Anchorage Woods (10 NY2d 302), where the court found an action for the nuisance of dumping surface water was to recover for a tort and not a claim of title.
The closest analogies in the reported cases to the situation under article 7-A is where an accounting and a receiver are sought. For example, in Kunz v Bachman (61 How Prac 519, 521 [Gen Term, 1st Dept 1881]) the court found a notice of pendency to be appropriate where plaintiff sought "a share of the rents, issues and profits” of a portion of certain property. In Keating v Hammerstein (196 App Div 18 [1st Dept 1921]) the court allowed a notice of pendency where the action sought an accounting for rents and the impression of a trust on the realty. On the other hand, where the action sought damages and "[t]he prayer for a receiver is merely incidental to the main relief’ a notice of pendency was not allowed to stand. (Jones v Armenia Ins. Co., 136 App Div 453, 456 [1st Dept 1910].)
In the instant cases there is no question but that an administrator pursuant to article 7-A affects the "possession, use or enjoyment” of the property. As noted above, the administrator alone is allowed to collect the rents. That surely is an ingredient in the "use or enjoyment” of the land. Similarly, the administrator’s rights to rent the property for substantial terms of years surely affects a right to "possession” of the property. The obligation of the administrator to do repairs is yet anther right of "possession, use or enjoyment” sufficient to come within CPLR 6501.
Sound policy reasons support the use of a notice of pendency in article 7-A proceedings. The legislative framework of article 7-A suggests that the rights involved affect all of those *149 with a potential interest in the land. The petitioner is required to give notice to all mortgagees and lienholders of record; mortgagees are given the right to apply under RPAPL 777 for an order to allow them to protect their equity by posting a bond and performing the repairs themselves. Further, in light of the substantial deprivation of the owner’s rights to use the property to its own purposes if an administrator is appointed, it is only reasonable that all persons purchasing the property be on notice of the possibility that they will not be able to fully enjoy a purchase.
CPLR 6501 provides that "[a] person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party.” As the Court of Appeals noted in 5303 Realty Corp. v O & Y Equity Corp. (supra, p 318), "[i]t is this special consequence, resulting as a matter of law from the filing of the statutory notice of pendency which is the essence of the remedy afforded by the Legislature.” The remedial purpose of article 7-A could easily be thwarted if the property could be sold to a new owner who would not be bound by the judgment which might be rendered. That would encourage the transfer of property to avoid the application of article 7-A.
Further, the use of a notice of pendency would not usually unduly burden the realty. The statutes require that article 7-A proceedings be determined rapidly since adjournments for more than five days are prohibited. (RPAPL 774.)
Once it is determined that CPLR 6501 applies to proceedings brought under article 7-A, the result in Shihab is clear— the owner sets forth no basis under CPLR 6514 for the court to cancel the notice of pendency.
The result in Gomez is not as simple. DHPD can file a notice of pendency without regard for the restrictions in CPLR 6501. Administrative Code of the City of New York § D2650.07 (a) provides: "In any action or proceeding brought by the department, it may file a notice of pendency in the county clerk’s office in the county where the premises affected by the action or proceeding are located.” Thus, under either statute, the notice of pendency in Gomez was properly filed. The issue is the standard for cancellation.
Under CPLR 6514 (a) a notice of pendency must be canceled if the procedures for filing have not been complied with, the action has been settled, or "if the time to appeal from a final *150 judgment against the plaintiff has expired; of if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 5519.” Here the time to take an appeal has not yet run. The last clause is unclear in its purpose since there is no operative provision in the judgment against the petitioners, which dismissed the action, which needs to be stayed. The only reported case holds that the notice of pendency will only be canceled where a stay is granted by the appellate court under CPLR 5519. (Marat Corp. v Abrams, 41 Misc 2d 965 [Sup Ct, Nassau County 1964]; compare, former Civ Prac Act § 586; see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6514.-1, p 465.) Thus, there is no basis for a mandatory cancellation here.
The court may exercise discretion to cancel under CPLR 6514 (b) only if the action is being prosecuted in bad faith. No such finding can be made on this record. The issue, then, is whether section D26-50.07 (c) provides authority for a discretionary cancellation. That section provides: "[a] notice of pendency may be vacated by order of a judge of the court where such action or proceeding was brought or is pending”. The clear meaning of that clause is to vest the court with discretion to cancel a notice of pendency in any case where a notice of pendency is filed by DHPD. That is consistent with the broad range of proceedings where a notice of pendency may be filed under section D26-50.07 (a). The court can exercise reasonable control over the use of a notice of pendency where it is not required and where it may unreasonably interfere with the right to sell realty.
In the Gomez case the factors entering into a discretionary application weigh against a cancellation of the notice of pendency. The court’s original decision to deny the appointment of an administrator was based on the unusual facts of the case and the court’s determination, made after hearing the witnesses over an extended period, that the current owner may well be capable of removing the "deplorable conditions” which the court found to exist. The owner’s decision to sell suggests that the factors the court originally relied upon may not actually have been present. The court has been given no information about the proposed purchaser and its ability to remedy the conditions. The court is also mindful that there is a substantial question to be resolved on appeal: whether the original decision to deny the appointment of an administrator, in the exercise of discretion, is correct. (Compare, Maresca v 167 Bleecker, 121 Misc 2d 846 [Civ Ct, NY County 1983].)
*151 The application to cancel the notice of pendency in each of the cases is denied.