OPINION OF THE COURT
Lewis R. Friedman, J.
Petitioners, tenants in the building at 352 West 110th Street, commenced this proceeding pursuant to the Housing Maintenance Code (Administrative Code of City of New York § 27-2115 [h], [i]) to compel the respondents 352 Cathedral Equities, Inc., and Reza Nabavi, who are alleged to be "owners” of the building (Administrative Code § 27-2115 [h], [i]), to *387 remove certain violations. In the instant motion, petitioners are seeking permission to file a notice of pendency of the proceeding. The issue is one which has not been addressed in the reported cases.
A notice of pendency may be filed where "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property” (CPLR 6501). The Court of Appeals has held that the courts must apply "a narrow interpretation in reviewing whether an action is one” in which a notice of pendency may be filed (5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321). A "narrow interpretation” is required so that a party may not unduly "retard the alienability of real property without any prior judicial review.” (64 NY2d, at 320.)
If the relationship of the proceeding to the realty is indirect, the courts have consistently held that a notice of pendency may not be filed. For example, in 5303 Realty Corp. v O & Y Equity Corp. (supra), a contract for a sale of shares of a corporation owning real estate was held to be indirect; so too, actions for a tort not involving title to the property (Brounston v Anchorage Woods, 10 NY2d 302) or for wrongful eviction (Gyurek v 103 E. 10th Owners Corp., 128 Misc 2d 384) are indirect attacks on title. On the other hand, a notice of pendency has been allowed in proceedings for the appointment of an administrator pursuant to RPAPL article 7-A (Shihab v 215-217 W. 108th St. Assocs., 133 Misc 2d 145); for a "share of the rents, issues and profits” (Kunz v Bachman, 61 How Prac 519, 521); for the impression of a trust (Keating v Hammerstein, 196 App Div 18); or for a declaration of the validity of a lease and enforcement of its terms (Fiance Hair Design Inst. v Concourse Props. Co., 130 AD2d 564).
The resolution of this motion requires an analysis of the relationship of the potential judgment in this proceeding to the owner’s right to "possession, use or enjoyment” of the property. For that analysis the allegations of the petition must be taken as true (5303 Realty Corp. v O & Y Equity Corp., supra, at 320; Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp., 269 NY 56, 59).
In this proceeding under the Housing Maintenance Code the petitioning tenants are seeking to compel the owners of the property to remove violations of record. The obligation to perform a substantial repair to the structure of the building is surely a significant impediment to the owners’ right to "use or *388 enjoyment” of the property. Indeed, in this case the allegations are that the violations have resulted in peremptory vacate orders by the building and fire departments pursuant to Administrative Code §§ 27-2139 and 15-227. Those orders prevent the use of the building until the violations have been removed; thus, they present serious interferences with respondents’, or any subsequent owners’, rights to the “use” of the property.
Sound policy supports the availability of a notice of pendency pursuant to CPLR 6501 to proceedings under Administrative Code § 27-2115. The essence of a notice of pendency is that “[a] person whose conveyance or encumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party” (CPLR 6501; 5303 Realty Corp. v O & Y Equity Corp., supra, at 318). In an action to compel the removal of violations, the proceeding could become a nullity by the simple expedient of a conveyance to a new entity; the parties and the court would unnecessarily be required to retry the proceeding. A proper use of a notice of pendency is to “prevent * * * the acquisition pendente lite of an interest in the 'subject-matter’ of the suit, to the prejudice of the plaintiff because otherwise * * * 'there would be no end of any suit’ ” (Hailey v Ano, 136 NY 569, 576; Israelson v Bradley, 308 NY 511, 516). The prevention of duplicative code enforcement proceedings has been used by one Judge of this court as the rationale for declining to vacate a notice of pendency filed by the court (Tarant v Drew Devel, Ltd., Civ Ct, Bronx County, HP 2230/ 84, Apr. 18, 1985, 14 HCR 299).
The courts have previously held that every owner is required to remove previously filed violations of record, even if filed prior to the conveyance of the property to it (Housing & Dev. Admin. v Bryant Westchester Realty Corp., 90 Misc 2d 816 [App Term, 1st Dept]). The instant code enforcement proceeding is, in effect, seeking to compel the current and future owners to comply with the law. A notice of pendency would, therefore, further the goal of insuring a single dispositive disposition of the issues while providing a clear form of notice to a subsequent purchaser of the obligation it is assuming.
The motion to permit the filing of a notice of pendency is granted.