OPINION OF THE COURT
Yvonne Lewis, J.
Petitioners, the Tenant Association of 100 Broadway and 381 Berry, Claribel Garcia, Judith Badillo and Lucy Figueroa seek judicial review, under article 78 of the Civil Practice Law and Rules, of two orders issued by respondent Division of Housing and Community Renewal (DHCR), dated October 6, 2010 and October 14, 2010, which granted the petitions for administrative review (PAR) of respondent/landlord Broadway and Berry Associates, LLC (BB) and revoked certain orders of the rent administrator which calculated the maximum base rents (MBR) for rent-controlled apartments at the property pursuant to the “standard MBR formula” of section 2201.4 of the New York City Rent and Eviction Regulations (9 NYCRR) (RER). The DHCR cross-moves for an order dismissing this article 78 proceeding on statute of limitations grounds.
BB is the owner of the subject premises at 100 Broadway and 381 Berry Street in Brooklyn, New York. The subject premises are an apartment complex which includes rent-controlled hous *311 ing accommodations. The instant article 78 proceeding stems from applications made by BB to the DHCR for the establishment of MBRs for the subject rent-controlled accommodations which led to the issuance of orders by the DHCR dated November 18, 2008 and February 27, 2009. These orders, respectively, determined the MBRs for 100 Broadway and 381 Berry Street utilizing the standard MBR formula provided by RER § 2201.4. BB challenged the DHCR orders, arguing, among other things, that since the subject apartments are located in a building that had been rehabilitated with the assistance of governmental financing, they are expressly excluded by the regulation from having their MBRs determined using the standard MBR formula. In an order dated March 26, 2009, the Deputy Commissioner denied BB’s PAR, finding that since BB applied for a computed MBR based upon the standard MBR formula more than 30 years after the initial MBRs had been allegedly established, the DHCR could use the standard MBR formula. The DHCR subsequently denied BB’s request for reconsideration of its order denying the PAR. As a consequence, BB commenced an article 78 proceeding for judicial review. By stipulation, so ordered on July 29, 2009, BB and the DHCR agreed to remit the proceeding to the agency for further consideration.
Upon remission to the agency, the Deputy Commissioner issued an order, dated October 6, 2010 (the Broadway PAR order), which granted BB’s PAR. The Deputy Commissioner found that because the subject apartments were substantially rehabilitated with government financing, the standard MBR formula under RER § 2201.4 previously utilized to establish the MBRs for the subject apartments in 100 Broadway (resulting in rents decreased by an average of 24% from the previously granted rents) was contrary to the subject regulation as such accommodations were specifically excluded therefrom. The subject regulation, RER § 2201.4 (a), provides:
“(1) Effective January 1, 1972, the administrator shall establish new maximum rents for housing accommodations subject to these regulations. Subject to the provisions of section 2201.6 of this Part governing collectibility, such new maximum rent for each housing accommodation shall be the maximum base rent derived by apportioning the maximum gross building rental computed pursuant to subdivision (b) of this section among the individual housing accommodations in the property in accordance *312 with subdivision (e) of this section.
“(2) Except as otherwise provided, the application of this section shall be based upon the reports submitted pursuant to sections 2201.3 and 2203.9 of this Title, as modified or adjusted by the administrator.
“(3) This section shall not apply to housing accommodations for which first rents were established pursuant to section 2201.1(b), 2202.3 or 2202.22 of this Title where the rehabilitation or improvement of substandard or deteriorated housing accommodations was financed under a governmental program providing assistance through loans, loan insurance or tax abatement, or has been undertaken under another rehabilitation program no[t] so financed but approved by the administrator.” (Emphasis added.)
By order dated October 14, 2010 (the Berry PAR order), the Deputy Commissioner, utilizing the same reasoning as the October 6, 2010 order, granted BB’s PAR of the rent administrator’s order establishing MBRs for the subject apartments in 381 Berry Street using the standard MBR formula.
The instant proceeding was commenced by the filing of petitioners’ order to show cause on August 22, 2011. The application sought to vacate the Broadway PAR order and to stay nonpayment proceedings affecting the tenants of 100 Broadway and 381 Berry Street. The court (Marsha L. Steinhardt, J.) declined to sign the order to show cause. The DHCR cross-moved to dismiss the proceeding on statute of limitations grounds as petitioners failed to bring an article 78 proceeding within 60 days following the issuance of the Broadway PAR order.
On May 1, 2012, petitioners filed a verified amended petition, superceding a verified petition filed on November 1, 2011. In their verified amended petition, petitioners seek to vacate the Broadway and Berry PAR orders and/or to get an order remanding the proceeding to the DHCR for further consideration. Petitioners assert that the DHCR “acted in excess of its jurisdiction” when it failed to give petitioners adequate notice that it was reconsidering the rent administrator’s order calculating MBRs for 100 Broadway; when it reconsidered the rent administrator’s order after an article 78 proceeding had been commenced appealing the denial of BB’s PAR of the rent administrator’s order; when it revoked the rent administrator’s order without making any findings as to illegality, irregularity *313 in a vital matter or fraud; and when it issued the Berry PAR order without giving petitioners adequate notice that BB filed a PAR. Petitioners further assert, in sum and substance, that the DHCR’s actions and determinations with respect to determining the MBRs of the subject property were arbitrary and capricious. In response to the verified amended petition, the DHCR brought a second cross motion to dismiss on statute of limitations grounds.
Insofar as the verified amended petition supercedes the request for judicial review in the initial order to show cause and first verified amended petition, the initial order to show cause and first cross motion to dismiss the verified petition are denied as academic. This determination is without prejudice to the tenants of the subject accommodations to seek a stay of eviction or other protective relief in Housing Court.
Rent and Eviction Regulations § 2208.12 provides that a proceeding seeking judicial review of DHCR’s order concerning rent controlled accommodations must be filed “within 60 days after the final determination of the PAR.” The instant proceeding was commenced on August 22, 2011, which is clearly more than 60 days following the issuance of the Broadway and Berry PAR orders on October 6, 2010 and October 14, 2010. Petitioners, however, argue that the statute of limitations is tolled because petitioners never received notice of the Broadway and Berry PAR orders. Petitioners further argue that, with respect to the Broadway PAR order, the DHCR acted in excess of its jurisdiction when it agreed to a remand and reconsideration of the initial denial of BB’s PAR. Petitioners contend that remand and reconsideration was improper because they were not made parties to the article 78 proceeding which was remanded, the DHCR failed to comply with its own regulations when it reconsidered the order following the commencement of an article 78 proceeding and failed to comply with its own regulation by reconsidering the order without first making a finding of illegality, irregularity in a vital matter or fraud in the issuance of the order.
In support of its cross motion, the DHCR submits the affidavit of employee Luther McDaniel, who asserts that he is responsible for preparing PAR orders for mailing, and Harris Cataquet, who states that he is the DHCR’s Director of Administrative Services and is assigned to supervise the operation of the mailroom. In his affidavit, Mr. McDaniel avers that the procedure he followed on October 6, 2010 and October 14, *314 2010 in mailing the Broadway and Berry PAR orders is as follows: he collected the case file and approved orders from the PAR Unit’s outgoing mail tray; stamped the approved orders with the mailing date stamp; matched the addresses of the envelopes which accompanied the orders with those on the address lists, prepared by the PAR processor; made copies of the orders and placed them in the envelopes to be mailed to the addresses of the tenants on the mailing lists; noted his actions on the “Petition for Administrative Review Bureau Covering Memorandum” by stamping the mailing date, checking off the parties to whom the orders were mailed and signing the memorandum; entered docket numbers of the orders and the number of envelopes for the tenants on the PAR Unit order mailing form; and delivered the envelopes and transmittal form to the mail-room. Mr. McDaniel states that after obtaining the signature from the mailroom personnel, the transmittal forms were placed in the designated file folders in the PAR Unit. With his affidavit, Mr. McDaniel included copies of the address lists for the tenants of the subject apartments affected by the PAR orders, copies of the covering memorandum for each order and copies of the transmittal forms for each order.
In his affidavit, Mr. Cataquet outlined the procedures for the mailing of PAR orders as follows: when mail is brought to the DHCR’s mailroom by the processing section personnel, it is given to the mailroom clerk. Once in the mailroom, the mail is then sorted and weighed to determine the proper amount of postage. When the proper amount of postage is determined, the mail is placed in a Pitney Bowes postage machine where the proper postage is stamped on each envelope. The mail is then placed in the United States Postal Service (USPS) tray and covered with a snug cover provided for that purpose. The tray is then placed into a canvas cart provided by the USPS and rolled to the loading dock which has been designated by the USPS as the official area from which mail is to be picked up from the DHCR and which is under the exclusive care and custody of the USPS. The USPS picks up the mail daily, Monday through Friday, at approximately 5:00 p.m.
Proof that a regular office practice and procedure is followed with respect to mailings raises a presumption of receipt that cannot be rebutted by a bare denial of receipt (Nassau Ins. Co. v Murray, 46 NY2d 828 [1978]). Such a presumption was raised here by the DHCR’s affidavits attesting to the regular procedure for depositing orders in envelopes addressed to the *315 affected tenants, deposit of said envelopes in a secure container provided by the USPS and delivery to an officially designated area under exclusive care of the postal service (see Jonathan Woodner Co. v Higgins, 179 AD2d 444 [1992]). The affidavits of certain tenants provided in opposition, which are similar in form and contain allegations that the affiants “do not remember receiving a copy” of the orders constitute only bare denials of receipt. While some tenants state that they have had problems with mail in the past, these allegations are not substantiated, and nonetheless do not demonstrate that such problems occurred during the time that the Broadway and Berry PAR orders were issued and mailed. Accordingly, this court cannot find that the affected tenants did not receive the DHCR’s orders, and petitioners’ argument that the statute of limitations is tolled because of the tenants’ lack of notice of the orders is unavailing.
Petitioners also argue that the failure to join the affected tenants of 100 Broadway in the article 78 proceeding, which was remitted to the agency pursuant to stipulation, constrained the agency to comply with the prerequisites of RER § 2208.13 (a) (see Matter of 166 E. 61st St. Tenants Assn. v New York State Div. of Hous. & Community Renewal, 21 Misc 3d 1104[A], 2008 NY Slip Op 51946[U] [2008]). This regulation provides, inter alia:
“(a) The administrator, on application of either party or on his own initiative, and upon notice to all parties affected, may, prior to the date that a proceeding for judicial review has been commenced in the Supreme Court, pursuant to article 78 of the Civil Practice Law and Rules, modify, supersede or revoke any order issued by him under these or previous regulations where he finds that such order was the result of illegality, irregularity in vital matters, or fraud. Where an order is modified, superseded or revoked by the administrator, he may also direct that appropriate rent adjustments be made in accordance with the order issued.” (Emphasis added.)
Petitioners maintain that the DHCR did not comply with the prerequisites of the regulation as it revoked the prior order of the rent administrator after the commencement of an article 78 proceeding and, further, did not revoke the order upon a finding of illegality, irregularity in a vital matter or fraud. Rather, petitioners claim that the agency remanded the matter merely to provide it with a second chance to reach a different determination on the merits. Petitioners contend that because the DHCR failed to abide by the aforesaid regulation, the issuance *316 of the Broadway order was in excess of the DHCR’s jurisdiction, and the statute of limitations cannot serve as a bar to a proceeding seeking to nullify the order. The only questions that may be raised in an article 78 proceeding are:
“1. whether the body or officer failed to perform a duty enjoined upon it by law; or
“2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
“3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
“4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.” (CPLR 7803.)
Relief under the second question (CPLR 7803 [2]), characterized as “prohibition,” is the available remedy where an agency issues an order in excess of its jurisdiction. The jurisdiction of an administrative board or agency consists of the powers granted it by statute and a determination is void where it is made either without statutory power or in excess thereof (Matter of Foy v Schechter, 1 NY2d 604 [1956]). Thus, it has been held that a proceeding challenging an order of an agency made in excess of its jurisdiction is not subject to the statute of limitations (Matter of Levine v State Div. of Hous. & Community Renewal, 126 Misc 2d 531 [1984]).
However, “prohibition does not lie as a means of seeking collateral review of [an] error of law in the administrative process, no matter how egregious that error might be ‘and however cleverly the error may be characterized by counsel as an excess of jurisdiction or power’ ” (Matter of Doe v Axelrod, 71 NY2d 484, 490 [1988] [citation omitted], quoting Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]). “It is familiar law that an article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law” (Matter of Schumer v Holtzman, 60 NY2d 46, 51 [1983], citing Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983]). Section 26-405 of the Administrative Code of City of NY provides statutory authority for the DHCR to determine MBRs of rent-controlled premises. Therefore, to the extent that the Broadway and *317 and Berry PAR orders determined the MBRs of the subject apartments, which were regulated under the City Rent and Rehabilitation Law (Administrative Code of City of NY § 26-401 et seq.), it is clear that the DHCR acted within its jurisdiction and the authority vested upon the agency by statute. Indeed, there is no dispute by petitioners or BB that the DHCR had the authority to regulate the rent of the subject accommodations under the City Rent and Rehabilitation Law.
The essential gravamen of petitioners is that the DHCR did not comply with the procedural elements and requirements of RER § 2208.13 (a) or otherwise did not comply with notice requirements at certain stages of the proceedings. Therefore, the true issue is not whether the DHCR acted in excess of jurisdiction or beyond its statutory authority but, rather, whether the DHCR misapplied, misinterpreted or otherwise failed to abide by its own regulations — actions which are properly characterized as irrational, arbitrary and capricious, or an error of law or lawful procedure. Because the gravamen of petitioners’ claims are not in the nature of “prohibition” under CPLR 7803 (2), the applicable statute of limitations would serve to preclude judicial review of the agency’s actions (see Stevens v American Water Servs., Inc., 32 AD3d 1188 [2006]).
As a result, the DHCR’s cross motion to dismiss the verified amended petition as untimely is granted. Consequently, the instant verified amended petition is denied and this proceeding is dismissed.