220 East 56th Street Corporation, Appellant, *v.* Excelsior Savings Bank, Respondent, Impleaded with Others, Defendants.

First Department, February 18, 1938.

*Meyer D. Siegel,* for the appellant.

*James F. Donnelly* of counsel [*Olvany, Eisner & Donnelly,* attorneys], for the respondent.

Per Curiam. Plaintiff, in its complaint, demanded relief of an equitable nature, including the restitution to it of certain real property which it formerly possessed as tenant, and for money damages for the alleged unlawful ouster from said property. The court at Special Term dismissed the complaint, on the ground that a final order of dispossess, made by the Municipal Court in favor of the present defendant bank, in a hold-over proceeding in which said defendant was landlord and this plaintiff a tenant, was *res adjudicata.* The final order relied on has since been reversed, and an order made for the restitution of the premises. (*Excelsior Savings Bank* v. *220 East 56th Street Corporation,* App. Term, First Dept., Dec. 16, 1937, N. Y. L. J. Dec. 17, 1937, p. 2228; motion for leave to appeal denied, App. Div., First Dept., Feb. 4, 1938, N. Y. L. J. Feb. 5, 1938, p. 612.)

Because of the order of restitution, plaintiff may not require all the relief demanded in the present complaint, but it is entitled to continue this action as to some of the relief sought. The action having been properly brought in equity at the time of its commencement, the filing of a *lis pendens* was proper. In any event, the court below improperly canceled the *lis pendens* before the time to appeal had expired. · (See Civ. Prac. Act, § 123.)

Under the circumstances the order and judgment appealed from should be reversed, with costs, and the motion denied.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Judgment and order unanimously reversed, with costs, and the motion denied.