OPINION OF THE COURT
Robert L. Estes, J.
Defendant appeals from a judgment of the Town Court of the Town of Delhi made and entered October 25, 1982, granting plaintiff a money judgment in the amount of $392.24. A notice of appeal dated November 24,1982, with proof of service of a copy thereof upon the plaintiff was filed with the Clerk of the Town of Delhi on November 24,1982. Honorable Joan Verspoor, Town Justice, filed papers in the Delaware County Clerk’s office December 2, 1982 consisting of the following:
(A) The notice of appeal.
(B) A photocopy of the plaintiff’s complaint verified March 18, 1982, to which is attached a photocopy of a summons which must be considered' a “bare summons”, as it does not bear an indorsement indicating the nature of the action upon which the money judgment is sought.
(C) An affidavit sworn to July 27, 1982, declaring that a “summons with notice” in the action was served July 24, 1982 by delivery of a copy to a person of suitable age and *186 discretion at the defendant’s dwelling place, affixing a true copy thereof to the door of the premises, and mailing a copy thereof.
(D) Minutes consisting of a statement on letterhead over signature of the Town Justice, dated November 30, 1982.
On December 8, 1982, the Town Justice filed amended minutes which were identical in every respect to those dated November 30,1982, except that the date of plaintiff’s return to the shared apartment of the parties for the purpose of collecting her possessions and defendant’s share of the unpaid bills was corrected from February 30,1982 to February 14, 1982.
The foregoing papers constitute the return of the Justice pursuant to subdivision (a) of section 1704 of the UJCA. Appellant does not argue, and it does not appear that appellant had no opportunity to settle the return before the Town Justice before submitting a memorandum of her argument of this appeal.
A summons with notice dated June 28, 1982 has been filed by the Justice in the court below upon this court’s request. That summons is the one mentioned in the appellant’s memorandum, and is different than the one which was filed with the return. The latter has venue of the Village of Walton which was returnable in April of 1982 and apparently was never used. The Town Court summons states that the relief sought is to recover damages for “balance on rent and utilities”, and it sufficiently complies with subdivision (a) of section 902 of the UJCA.
The court takes judicial notice of the summons with notice and will file it as part of the return of the proceedings in the court below. The omission of the Town Justice to file it instead of the bare summons is deemed by this court to be an irregularity which should be corrected pursuant to CPLR 2001. It is clear from the appellant’s memorandum that the summons with notice was the process by which this action was commenced. Correction of the record by recognition thereof will not impair any substantial right of the appellant.
Appellant contends that the return is otherwise defective because it does not include a judgment and that the *187 minutes are inadequate under subdivision (a) of section 1704 of the UJCA.
Although it is true that the return in this case does not contain a written judgment, it is evident from the notice of appeal that the appellant is appealing from a money judgment against her awarding plaintiff $392.24, entered October 25, 1982 in the office of the Clerk of the Justice Court. The court infers from this and from the absence of a paper judgment that rather than prepare such a judgment herself for purposes of appeal, or await the preparation of one by the plaintiff (either of which procedures might have resulted in a paper judgment according to Professor Siegel’s Practice Commentary to section 1401 of the UJCA, McKinney’s Cons Laws of NY, Book 29A, 1982-1983 Pocket Part, p 192), appellant elected instead to simply file a notice of appeal from a judgment contained in a docket maintained by the Justice.
Appellant’s allegations of defects in the return are not cognizable by the court. They are deemed either to have been addressed during settlement of the case under section 1704, or to be waived by reason of omission to seek to correct the return before submitting the appeal. The return as it stands is conclusive on the court. (Workman v Bolen, 67 Misc 2d 957, 965.)
The appellant’s objection to jurisdiction is without merit. Although the plaintiff’s address is not set forth in the minutes provided by the Justice, it appears from the caption of the summons with notice that the plaintiff is a resident of the Village of Walton, New York. The minutes of the Justice state that the defendant’s residence is the Town of Franklin, New York. Although a motion by the defendant objecting to the court’s jurisdiction would have required dismissal by the Justice under section 213 of the UJCA in that neither party was a resident of the Town of Delhi, the court properly retained jurisdiction to try and determine the case. There is no law or rule which requires the Justice to advise a pro se defendant in a civil case that jurisdictional objections are deemed waived without an objection under subdivision (d) of section 213. In addition, it appears that the provisions of section 213 were created at least in part for the benefit of the court, to avoid the *188 unnecessary expenditure of time and money by a municipality in hearing a case to which none of its residents is a party. In this particular case, the cause of action arose in the Town of Delhi and assumption of jurisdiction by the Justice was proper. The Practice Commentaries of Professor Siegel which relate to section 213 are instructive. (McKinney’s Cons Laws of NY, Book 29A, 1982-1983 Pocket Part, p 158.)
The appellant also objects to the service of process, in that the filing required when service is made other than by personal delivery is incapable of computation for purposes of subdivision (b) of section 410 and section 402 of the UJCA. Although those provisions govern the setting of a return day, it appears from the return and from appellant’s memorandum that the trial date was postponed to accommodate the appellant’s absence from the State, that both parties appeared for trial on October 25, 1982, and that no objection to jurisdiction was made by the appellant. A general appearance waives defects in service, and so even if the filing of the affidavit of service was not timely, it would not proyide cause to disturb the judgment of the Justice Court.
Although allusions are made by appellant to her youth and innocence, as well as to certain alleged defects in the proceeding which denied her due process of law, such allegations are not made under oath, and in any event were, or should have been, made in a proceeding to settle the case before the Town Justice in advance of submitting the appeal for determination. Had the return shown that the Justice prohibited the appellant from offering evidence in her own behalf; omitted to require the plaintiff to produce checks held by her and owned by the appellant; constantly cut off appellant’s attempts to address the court; permitted the respondent to cut off appellant’s statements to the court; and raised its voice and berated appellant and attempted in other ways to intimidate her, this court would consider such actions by the trial court to be sufficiently chilling of the appellant’s rights of due process as to require a new trial. As it is, those allegations may not be considered in the face of the Justice’s return, so a new trial may not be granted on that ground.
*189 Turning to the merits, it appears from the return that the appellant made an agreement to share living expenses, pursuant to which appellant would reimburse plaintiff for one half of the bills incurred. The Justice found that the plaintiff made demand upon the appellant for payment of one half of bills accruing between November, 1981 and January, 1982; that the appellant’s share of those bills under the agreement was $392.24; and that the appellant failed to pay her share as agreed. The return contains no facts justifying an offset against that amount, or relieving the appellant from her promise to pay the agreed amount. The judgment of the court below is sound according to general principals of contract law.
Judgment is affirmed, without costs.