■ YOLANDA DA COSTA GUIMARES DE MORAES ARANTES et al., Respondents, v GOTHAM TAXI CORP. et al., Defendants; METRO SYSTEMS CORP., Appellant, and CHECKER MOTORS CORP. et al., Respondents.—Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered May 3, 1984, granting plaintiff's motion for entry of a default judgment against defendant Metro Systems Corp. and the cross motions by defendants General Motors, Checker Motors Corp. and Checker Motor Sales Corp. for entry of default judgments on their cross claims against Metro Systems Corp., is unanimously reversed, on the law and the facts, to the extent of denying the defendants' motions for default judgments on their cross claims, and the order is otherwise affirmed, with costs.

This is an action to review under theories of products liability for wrongful death and personal injuries arising from an accident in which a taxicab left the roadway and struck a building, killing one passenger and seriously injuring another. The taxicab was driven by defendant Litton Wynn and owned by Gotham Taxi Corp. The defendant Metro Systems Corp. maintained the vehicle and employed the driver Wynn. Defendant Anthony Harris is the sole shareholder of both Gotham Taxi Corp. and Metro Systems Corp. It is alleged that Harris, Metro and Gotham are in fact legally one and the same entity by virtue of their involvement in the operation and control through "dummy corporations" of a large network of taxicabs for defendant Harris' personal benefit. The remaining parties include defendant Checker Motors Corp., the manufacturer of the taxicab, General Motors Corp., the manufacturer of the steering column and Checker Motors Sales Corp., the distributor of the taxicab.

By notice dated June 6, 1983, plaintiffs sought, *inter alia,* discovery and inspection of the books and records, tax returns, minutes of shareholder meetings, and other financial and

corporate documents in defendant Metro's possession. Metro failed to comply with this notice. Plaintiff thereafter twice sought judicial enforcement of their demand for discovery. On June 10, 1983, Special Term entered an order directing that Metro respond or move against the notice within 30 days. Metro took no action. On December 19, 1983, Special Term entered another order which provided that unless Metro complied with the June 1983 order within 20 days, sanctions, including an order to strike Metro's answer, would be imposed.

On December 29, 1983, Metro served a response to the effect that inspection of the requested documents was not relevant or material. Subsequently, by motion returnable February 1, 1984, defendants Metro, Gotham, Wynn and Harris moved for a protective order, claiming that the notice for discovery was overly broad. Plaintiffs cross-moved to strike Metro's answer and argued that the motion was untimely and that the discovery requests were proper in order to "pierce the corporate veil." By order dated February 1, 1984, Special Term granted the motion to strike the answer unless Metro permitted plaintiffs, within 30 days and on five days' notice, to inspect Metro's books and records and responded to items Nos. 1, 6, 11, 13 and 19 of the notice for discovery and inspection. The order recited that a copy of the order had been served on defendant Metro. On February 2, 1984, one day prior to the entry of the order in the Clerk's office, plaintiffs served Metro with a notice that discovery and inspection would be held at Metro's address on February 14, 1984. Metro failed to make its books available for inspection and to respond to the items as ordered.

By notice of motion dated February 14, 1984, plaintiffs moved to sever the action against Metro, enter a default judgment against it and order an assessment of damages. Defendant General Motors cross-moved, and defendants Checker Motor Sales Corp. and Checker Motors Corp. joined in that motion, for entry of a default judgment on their cross claims against Metro. By order dated April 26, 1984, Special Term granted plaintiffs' and defendants' cross motions for default judgments.

The part of the order granting plaintiffs a default judgment should be affirmed. Defendant Metro fails to raise any reasonable excuse for its refusal to comply with the discovery order which would prompt us to reverse. While the striking of a pleading is a drastic remedy which should be employed sparingly, its use here was eminently proper where it clearly

appears that the default was deliberate and contumacious. *(See, Cinelli v Radcliffe,* 35 AD2d 829.) Defendant Metro's arguments concerning the untimeliness of plaintiffs' motion for entry of the default judgment are without merit.

However, the court did err in granting default judgments on the defendants' unrelated cross claims. The discovery order with which defendant Metro failed to comply had no relation to any of the demands defendants General Motors, Checker Motors and Checker Motors Sales were making. Nor is there any indication that the defendants were in any way prejudiced by Metro's failure to comply with the discovery demands. Metro's liability to the plaintiffs in this case is an issue distinct from its liability on the cross claims, which sound in contribution. Moreover, the sanction imposed by the February 3 order was the striking of the answer, not the striking of replies to the cross claims. Accordingly, it was error to grant the relief requested by the defendants. Concur —Sullivan, J. P., Carro, Asch, Kassal and Rosenberger, JJ.