■ ELLSWORTH PENDLETON, Appellant, v ROCHDALE VILLAGE, INC., Respondent.—Appeal by the plaintiff from an order of the Supreme Court, Queens County, dated August 18, 1986.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Sacks at the Supreme Court, Queens County. Thompson, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ ROBERT FIANCE HAIR DESIGN INSTITUTE, INC., Respondent, v CONCOURSE PROPERTIES Co., et al., Appellants.—In an action, *inter alia,* for a judgment declaring a lease in full force and effect and for the enforcement of its provisions, the defendants appeal from an order of the Supreme Court, Queens County (Levine, J.), dated December 1, 1986, which denied their motion to cancel a notice of pendency.

Ordered that the order is affirmed, with costs.

The complaint, which seeks to enforce provisions of a lease, plainly demands a judgment which would affect the title to, or the possession, use or enjoyment of, real property *(see,* CPLR 6501). Therefore, it justifies the filing of a notice of pendency by the plaintiff *(see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 320). The likelihood of the plaintiff's success on the merits is irrelevant to determining the validity of the notice of pendency *(see, 5303 Realty Corp. v O & Y Equity Corp., supra; Interboro Operating Corp. v Commonwealth Sec. & Mtge. Corp.,* 269 NY 56, 59). Finally, the defendants' constitutional challenge to CPLR 6501 is not properly before this court inasmuch as the defendants failed to raise the issue before the court of first instance *(see, Melahn v Hearn,* 60 NY2d 944, 945) and failed to serve the Attorney-General with notice thereof *(see, Roberts v Gross,* 100 AD2d 540, 541; Executive Law § 71; CPLR 1012). Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.