■ ROBERT J. MINK, SR., Appellant-Respondent, v CONIFER PARK, INC., et al., Respondents-Appellants.—Mikoll, J. Cross appeals from an order of the Supreme Court (Doran, J.), entered March 26, 1987 in Saratoga County, which denied defendants' motion to, *inter alia,* dismiss the complaint and imposed sanctions against plaintiff's attorney.

The complaint in this litigation for breach of an implied employment contract brought by plaintiff alleges three causes

of action arising out of the termination of plaintiff's employment with defendant Conifer Park, Inc., and a fourth cause of action against the individual defendants, Theodora Coffey and Ramon Slavin, for intentional interference with a contractual relationship. By decision dated October 10, 1986, depositions were scheduled to commence on November 13, 1986 and to thereafter continue until completed. All objections except as to form, were reserved until the time of trial. Supreme Court, noting in its decision that there had been bickering between counsel, admonished counsel and directed counsel to act as professionals.

The record demonstrates that during defense counsel's questioning of plaintiff, plaintiff's counsel, Steven Teitelbaum, repeatedly interrupted the questions, even before they were completed, by objecting to their form, commented on defense counsel's inability to follow procedure, made nasty and derogatory remarks to her, and instructed his client not to answer if he did not choose to or if he had already answered the question. As a result, defense counsel, Elise Silverman, and Teitelbaum sought judicial intervention twice on the first day of plaintiff's deposition. Both times the ruling Justice decided that plaintiff was to respond to defense counsel's questions. It does not appear that Teitelbaum objected to these rulings.

On the second day of plaintiff's deposition, Teitelbaum claimed that the attorney-client privilege foreclosed inquiry into certain notes made by plaintiff to help his memory and also insisted that plaintiff not review an exhibit because defense counsel had not first physically handed it to Teitelbaum. Judicial intervention was again sought. Silverman made a telephone call in Teitelbaum's presence to Justice Doran to obtain a ruling directing Teitelbaum to instruct plaintiff to produce the notes, review the exhibit and to respond to Silverman's questions. As no speaker phone or two-way phone was available, Silverman used a regular phone in presenting the issues to Justice Doran. After Justice Doran ruled in Silverman's favor, Teitelbaum refused to continue the deposition Silverman claims that on leaving the deposition room Teitelbaum addressed her with vulgar language.

As a result of Teitelbaum's behavior during plaintiff's deposition, defendants moved pursuant to CPLR 3126 for an order seeking dismissal of plaintiff's complaint with prejudice, the imposition of sanctions against plaintiff and Teitelbaum, and an award of costs and fees incurred in defending this litigation. Plaintiff opposed the motion and sought recusal of Justice Doran on the ground that he had violated Canons 2 and 3

of the Code of Judicial Conduct by engaging in an ex parte communication with Silverman, thereby refusing to afford plaintiff or his counsel an opportunity to present plaintiff's position.

Supreme Court denied defendants' request to dismiss the complaint on the ground that it was plaintiff's attorney, and not plaintiff, who created the unfortunate situation. The court denied the requests for fees and costs but did impose an $850 sanction to be paid by Teitelbaum personally. The court found no violation of the Code of Judicial Conduct since its rulings "comport[ed] with the CPLR and with [its] written decision of October 10, 1986 and were not made ex parte". These cross appeals ensued.

There should be an affirmance. Supreme Court's rulings were not ex parte as plaintiff claims. Black's Law Dictionary defines ex parte as "done for, in behalf of, or on the application of, one party only" (Black's Law Dictionary 516 [5th ed 1979]). More particularly, a "judicial * * * order [or ruling] is said to be *ex parte* when it is taken or granted *at the instance and for the benefit of one party only, and without notice* to, or contestation by, any person adversely interested" (emphasis supplied).

The ruling was not granted at the instance of one party only since both Silverman and Teitelbaum agreed that a telephone call to Justice Doran was needed to settle their dispute. Teitelbaum allowed Silverman to make the phone call without any objections to the procedure used. Teitelbaum had ample opportunity to dispute the presentation of facts made to Justice Doran by Silverman by either speaking up at the time Silverman was on the phone or by placing a call to the Justice on his own after being informed of the rulings. Moreover, it appears that there really were not two sides to the controversies. The only rulings Justice Doran could have made are those he did. Although the one-way conversation was not procedurally proper, no harm appears to have occurred nor did any actual improprieties result.

We find no merit to plaintiff's contention that since Supreme Court's rulings were made by ex parte communications to opposing counsel and were rendered in a form that foreclosed the opportunity for appellate review, Supreme Court lacked the authority to sanction Teitelbaum for ignoring such rulings. First, the rulings were not clearly the result of ex parte communications nor was plaintiff foreclosed from the opportunity of appellate review. Second, Supreme Court did not sanction Teitelbaum solely because he ignored its rulings

and left the deposition before it was completed. The court's decision indicates that, *inter alia,* Teitelbaum was being sanctioned for his disruptive tactics and use of coarse " 'gutter' language in addressing opposing counsel". Teitelbaum's conduct during the course of Silverman's questioning of plaintiff, including his insulting comments to Silverman and his constant, meritless interruptions, constitute sufficient obstructive behavior warranting a sanction by the court *(see, White v Martins,* 100 AD2d 805; *see also, Gabrelian v Gabrelian,* 108 AD2d 445, 448, 454, *appeal dismissed* 66 NY2d 741).

Finally, Supreme Court properly refused defendants' request to dismiss plaintiff's complaint with prejudice. The striking of a pleading is a drastic remedy which should only be used when the failure to comply with disclosure has been shown to be willful, deliberate and contumacious *(Henderson v Stilwell,* 116 AD2d 861, 863, *lv denied* 68 NY2d 606; *Arantes v Gotham Taxi Corp.,* 116 AD2d 539, 540-541). It was plaintiff's attorney, not plaintiff, that acted improperly during the course of the deposition. A plaintiff should not be penalized, without warning, for unprofessional conduct by his counsel. The attorney's contumacious conduct in the instant case did not rise to the level of the conduct of the plaintiff's attorney in *Kamp v DHJ Indus.* (75 AD2d 636), where the sanction of dismissal was applied, nor was there a willful failure of plaintiff to appear at all.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.