CAROL NADEAU, Appellant, v JOHN TULEY, Respondent, et al., Defendant.—Per Curiam. Appeal from that part of an order of the Supreme Court (Viscardi, J.), entered October 27, 1988 in Clinton County, which, *inter alia,* granted defendant John Tuley's motion to cancel a notice of pendency.

Plaintiff leased an apartment in a building owned by defendant John Tuley (hereinafter defendant) under the terms of an oral month-to-month tenancy. In July 1988, plaintiff either abandoned the property, as asserted by defendant, or was physically dispossessed, as plaintiff claims. The next day, plaintiff commenced an action seeking money damages for, *inter alia,* conversion, breach of contract and tortious infliction of emotional distress totaling $375,000 and restoration of the use and occupancy of the apartment. At the same time, plaintiff filed a notice of pendency against the property. Supreme Court granted defendant's cross motion to cancel the notice of pendency and plaintiff appeals.

We are faced with the question of whether an action brought to restore occupancy of an apartment under an oral month-to-month tenancy is one in which "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (CPLR 6501), thereby authorizing the filing of a notice of pendency (CPLR 6501). For the reasons which follow, we answer the question in the negative.

We begin our analysis by noting that a month-to-month

tenancy, actually classified as personalty *(see, Matter of Fort Hamilton Manor v Boyland,* 4 NY2d 192, 196-197), is about as frail and transitory as any possessory interest in realty can be. The tenancy is terminable at the will of the owner of the realty by the simple act of advising the tenant of his election to terminate it, by notice given as little as one month prior to the expiration of the term (Real Property Law § 232-b).* Should the tenant then refuse to deliver possession, the owner may obtain a judicial warrant of eviction by bringing a summary proceeding on as little as five days' notice *(see,* RPAPL 733 [1]; 749). In the case, as here, where the tenant is alleged to have defaulted in the payment of rent, the tenancy may be terminated on as little as three days' notice *(see,* RPAPL 711 [2]). It follows, then, that a month-to-month tenancy will not substantially impair the marketability of the encumbered realty because of the ease with which the purchaser may terminate the interest, if desired.

In contrast, a notice of pendency has a "powerful impact" upon the alienability of property, particularly "conjoined with the facility with which it may be obtained" *(5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 315). "Basically, a plaintiff can cloud a defendant's title merely by serving a summons and filing a proper complaint and notice of pendency stating the names of the parties, the object of the action, and a description of the property" *(supra,* at 319). The notice is valid for three years and may be further extended by court order (CPLR 6513). Assuming that the complaint states an appropriate cause of action and the summons is served within 30 days following the filing, absent settlement, discontinuance or abatement of the action, the owner of the encumbered realty may not have the notice canceled, as of right, until expiration of the time to appeal from a final judgment against the plaintiff (CPLR 6514 [a]). Even then, the landowner must bring on a motion to effect cancellation, a procedure itself as time consuming as a summary proceeding to recover possession of realty under RPAPL article 7.

Concededly, employment of the "plain meaning" test *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 94; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675; *Bender v Jamaica Hosp.,* 40 NY2d 560, 561-562) supports a finding that this is an action in which the judg-

---

* In apparent reliance upon the position that plaintiff abandoned the premises, defendant appears not to have taken the steps necessary to otherwise terminate the tenancy.

ment demanded may "affect the * * * possession, use or enjoyment" of real property (CPLR 6501). Further, we recognize that both the First and Second Departments have permitted the filing of a notice of pendency in actions involving a tenant's right to the use and possession of leased premises *(see, Fiance Hair Design Inst. v Concourse Props. Co.,* 130 AD2d 564 [2d Dept]; *Gross v Castleton Hous. Corp.,* 271 App Div 980 [2d Dept]; *220 E. 56th St. Corp. v Excelsior Sav. Bank,* 253 App Div 345 [1st Dept]), although apparently not in the case of a month-to-month tenancy.

It is our view, however, that literal construction of CPLR 6501 would bring about an unreasonable, if not absurd, result in this case since, when a notice of pendency is filed in an action asserting a right to possession of realty under a month-to-month tenancy, the provisional remedy places a greater servitude upon the realty than the interest asserted in the underlying action. Interpreting the statute as a whole and mindful of the presumption that unreasonable or unjust results are not intended by the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 111, 143, 145; *Matter of Pokoik v Department of Health Servs.,* 72 NY2d 708, 718 [dissenting opn]; *Zappone v Home Ins. Co.,* 55 NY2d 131, 137; *Matter of Meyer,* 209 NY 386, 389-390), we conclude that a potential judgment granting possession of realty under a month-to-month tenancy is not within the intended scope of CPLR 6501. Accordingly, Supreme Court's order vacating plaintiff's notice of pendency should be affirmed.

Order affirmed, with costs. Kane, Casey and Levine, JJ., concur.

Mahoney, P. J., and Mercure, J., dissent and vote to reverse in a memorandum by Mercure, J. Mercure, J. (dissenting). We respectfully dissent. Since the language of CPLR 6501 is clear and unambiguous on its face, the statute must be interpreted as it exists *(see, Bender v Jamaica Hosp.,* 40 NY2d 560, 561-562; *see also, Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 674-675). This is clearly an action in which the judgment demanded may "affect the * * * possession, use or enjoyment" of real property (CPLR 6501) and "the court cannot disregard the plain words of a statute even in favor of what may be termed an equitable construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 94, at 191). Our role is to effectuate the statute by carrying out its purpose, as "embodied in the words chosen by the Legislature" *(Braschi v Stahl Assocs. Co.,* 74 NY2d 201, 208).

We therefore agree with the First and Second Departments

that the filing of a notice of pendency is proper where, as here, a tenant claims that she was wrongfully dispossessed *(see, Fiance Hair Design Inst. v Concourse Props. Co.,* 130 AD2d 564 [2d Dept]; *Gross v Castleton Hous. Corp.,* 271 App Div 980 [2d Dept]; *220 E. 56th St. Corp. v Excelsior Sav. Bank,* 253 App Div 345 [1st Dept]). Accordingly, we would reverse that part of Supreme Court's order which granted defendant's motion to cancel the notice of pendency. However, recognizing a great potential for mischief, we would call upon the Legislature to consider amending CPLR 6501 so as to exclude tenancies of limited duration from its coverage.