■ In the Matter of ROBERT P. LIGHTCAP et al., Respondents, v DENNIS McGROGGAN et al., Appellants.—Mikoll, J. Appeal from an order of the County Court of Ulster County (Vogt, J.), entered January 31, 1989, which affirmed a judgment of the Justice Court of the Village of Saugerties in favor of petitioners.

This appeal is from an order of County Court which affirmed a Justice Court judgment in favor of petitioners. The judgment awarded petitioners $2,403.90 for two months rent due under a rental agreement with respondents.

Respondents argue that Justice Court was without subject matter jurisdiction to entertain this proceeding and that it also lacked personal jurisdiction over them. Respondents also claim that the record of the proceeding before Justice Court was inadequate to allow review by an appellate court. As these arguments lack merit, the order of County Court should be affirmed.

The facts show that the parties entered into a written contract in January 1986 which provided, *inter alia,* that respondents would purchase a residence owned by petitioners in the Village of Saugerties, Ulster County, by making a down payment of $21,400 (including $8,000 in the form of a promissory note), monthly installment payments of $1,186.95 from January 1, 1986 through December 1, 1988 and a final payment of $83,600, minus any credit received by respondents as a result of a reduction in their existing mortgages. The agreement further provided that the payments made pursuant thereto were to be treated as rent and that the relationship between the parties was that of landlord and tenant.

When respondents failed to make the monthly payments for November and December 1986, petitioners, acting *pro se,* brought this RPAPL article 7 proceeding in Justice Court to recover possession of the residence and sought an amount representing the two delinquent rental payments. In response, respondents claimed that the rent charged was excessive and that petitioners had been unjustly enriched by virtue of the rental payments. Although respondents had vacated the residence on or about December 17, 1986, the proceeding before Justice Court continued on the question of nonpayment of the rent. At trial, respondent Dennis McGroggan acknowledged

that the delinquent rent money was owed to petitioners. Thus, there was no dispute as to respondents' liability for the past-due rent.

Respondents' further contention that Justice Court lacked both personal and subject matter jurisdiction to entertain this matter is also not persuasive. Respondents appeared and participated in the proceedings in Justice Court. Thus, it is clear that Justice Court acquired personal jurisdiction over the parties. Moreover, respondents failed to allege the defense of lack of personal jurisdiction in their answer, thereby waiving it (see, CPLR 3211 [e]). Additionally, since possession of the residence was no longer at issue, Justice Court effectively converted the matter pursuant to CPLR 103 (c) from a summary proceeding into a plenary action for sums due under a contract (see, Matter of Fritz v Huntington Hosp., 39 NY2d 339, 347; Matter of First Natl. City Bank v City of New York Fin. Admin., 36 NY2d 87, 94; Matter of Schmidt [Magnetic Head Corp.], 97 AD2d 244, 252-253).

As a final matter, respondents' contention that the record filed with County Court of the proceedings before Justice Court was insufficient to permit meaningful appellate review by County Court must be rejected. Respondents, by failing to resolve any issue of the sufficiency of the record before Justice Court (see, UJCA 1704 [a]), waived any alleged defects (see, Moyle v Bracci, 119 Misc 2d 185, 187). Significantly, the evidentiary matter which respondents claim should have been in the record would not make a difference in the outcome. Further, respondents did not furnish County Court with an affidavit certifying the facts and evidence claimed to be omitted from the record. The principal issue was whether two months of rental payments were past due and owing to petitioners. The record furnished by Justice Court sufficiently covered that issue so as to permit appellate review.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.