■ LOURDES ORTIZ, Respondent, v WILLIAM M. WEAVER et al., Appellants.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about January 31, 1992, which granted plaintiff's motion pursuant to CPLR 3126 to strike defendants' answers, and permitted the filing of a note of issue setting the action down for inquest and assessment of damages, unanimously affirmed. Order of the same court, entered on or about June 9, 1992, which granted defendants' motion for renewal and/or reargument, and adhered to the prior order striking defendants' answers, unanimously affirmed, with one bill of costs of these appeals.

In an action arising out of an alleged sexual assault of plaintiff on defendants' now-defunct discotheque premises, the IAS Court did not abuse its discretion in striking defendants' answers for their willful noncompliance with seven disclosure orders issued over an approximately two-year period.

While the striking of a pleading pursuant to CPLR 3126 for failure to comply with an order of disclosure is an extreme and drastic remedy that should be employed sparingly, its use here was eminently proper where it clearly appears that defendants' default was deliberate and contumacious *(Arantes v Gotham Taxi Corp.,* 116 AD2d 539, 540).

Defendants' successive failures to respond, in whole or in part, to plaintiff's discovery requests, as well as the court-ordered enforcement thereof, constituted the type of dilatory and obstructive conduct which justified striking their answers *(see, Zletz v Wetanson,* 67 NY2d 711, 713; *Horowitz v Camp Cedarhurst & Town & Country Day School,* 119 AD2d 548, 550).

We have reviewed defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach, Ross and Asch, JJ.