■ In the Matter of JAMES P. ENGELS, Appellant, v TOWN OF PARISHVILLE, RECORDS ASSESSOR OFFICER, Respondent. [929 NYS2d 187]—

Kavanagh, J.

Petitioner, proceeding pro se, served respondent with an unverified petition on February 1, 2010 seeking to, among other things, compel respondent to comply with his requests under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]). On February 12, 2010, respondent answered and sought dismissal of the petition on the ground that the petition was not verified (*see* CPLR 7804 [d]) and, in the alternative, that it had appropriately complied with petitioner's FOIL requests. Supreme Court dismissed the petition because it was not verified and this appeal ensued.

Initially, the record demonstrates that respondent did not notify petitioner of the defect in the petition or that it intended to raise that failure as a defense until it submitted its answer, which was more than one week after it received the petition. Given this delay, and respondent's failure to demonstrate that it was prejudiced in any way because the petition was not verified, we find that respondent has waived any objection to the lack of verification (*see* CPLR 3022; *see also Matter of Garfinkle*, 119 AD2d 911, 912 [1986]). Nevertheless, we find that dismissal of

the petition was appropriate. Although petitioner asserts that his FOIL requests were denied because he did not receive all of the documents he requested, a review of the record establishes that the only documents withheld were generated in the context of the attorney-client relationship and, as such, constituted either attorney-client communications or work product that were exempt from disclosure pursuant to Public Officers Law § 87 (2) (a) and (g) (*see* CPLR 3101 [c]; 4503 [a]).

Furthermore, we do not agree with petitioner that simply because some documents, including a number that date back to 1976, could not be found, it necessarily "leads to the conclusion that the records are [being] unlawfully withheld." The record demonstrates that respondent met its burden and established that after a diligent search, certain records covered by petitioner's requests could not be located (*see Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]; *Matter of New York Assn. of Homes & Servs. for Aging, Inc. v Novello*, 13 AD3d 958, 960 [2004]). Although petitioner asserts that the Town of Parishville maintains records in accordance with the Records Retention and Disposition Schedule MU-1, this does not "articulate a demonstrable factual basis to support [petitioner's] contention that the requested documents existed and were within [respondent's] control" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279 [1996]). Petitioner's remaining contention, that he was not informed by respondent of his right to appeal, is academic inasmuch as petitioner has received judicial review of respondent's determination.

Mercure, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.