■ In the Matter of WILLIAM MORSE, Respondent, v FRANCIS BROZZO, Appellant. [942 NYS2d 246]—

Garry, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered June 22, 2011, which, in a proceeding pursuant to RPAPL article 7, affirmed a judgment of the Justice Court of the Town of Gouverneur in favor of petitioner.

In July 2005, the parties entered into an oral agreement regarding respondent's rental of premises owned by petitioner in the Town of Gouverneur, St. Lawrence County. In October 2009, petitioner advised respondent in writing that his tenancy was to be terminated effective in March 2010, and that he was to vacate the premises one month later. Respondent did not vacate, and petitioner thereafter commenced this RPAPL article 7 proceeding seeking to recover possession. Respondent filed an answer and counterclaim and moved, among other things, to dismiss the petition. The Justice Court of the Town of Gouverneur conducted a hearing, denied respondent's motions, ruled in petitioner's favor, and issued a warrant of eviction. County Court affirmed upon respondent's appeal. Respondent appeals.

We reject respondent's contention that Justice Court engaged

in improper ex parte communication. Nothing in the record supports the claim that the referral to mediation was ex parte (*see* 22 NYCRR 100.3 [B] [6]; *see also Mink v Conifer Park*, 142 AD2d 899, 901 [1988]), nor was the letter sent by the Town Court Clerk to County Court an ex parte communication. This letter was in fact the clerk's statement of the proceeding, which was required as the Justice Court proceedings were not recorded or transcribed (*see* UJCA 1704 [a]).* The record plainly reveals that copies were properly provided to the parties and the court.

Respondent further contends that the minutes of the hearing testimony in the clerk's statement were insufficiently descriptive (*see* UJCA 1704 [a] [1]). However, he waived this claim by failing to assert it in his prior objections (*see Mahunik v Harris*, 236 AD2d 885 [1997]). In any event, the record—which includes the clerk's statement, the pleadings, copies of petitioner's written notice of termination, affidavits of the parties, and Justice Court's notes of the hearing—was fully sufficient to permit meaningful review of the limited legal issues presented (*see Matter of Lightcap v McGroggan*, 160 AD2d 1188, 1189 [1990]).

Justice Court did not err in permitting petitioner to submit an amended verified petition. Leave was not required; petitioner was statutorily entitled to amend the pleading once as of right, and did so in a timely manner (*see* CPLR 3025 [a]). Respondent waived his objection to the lack of verification of the original petition by failing to raise this claim with the requisite "due diligence" and, as no substantial right was prejudiced, the defect was properly disregarded (CPLR 3022; *see Matter of Miller v Board of Assessors*, 91 NY2d 82, 87 [1997]; *Matter of Engels v Town of Parishville, Records Assessor Officer*, 86 AD3d 889, 889 [2011]; *SLG Graybar v Hannaway Law Offs.*, 182 Misc 2d 217, 219-221 [Civ Ct, NY County 1999]; Siegel, NY Prac § 235 [5th ed]).

Finally, County Court properly affirmed Justice Court's judgment. The record supports Justice Court's factual determination—to which we defer—that the parties established an oral month-to-month tenancy (*see Matter of Kern v Guller*, 40 AD3d 1231, 1232 [2007]; 74 NY Jur 2d, Landlord and Tenant § 153). Such a tenancy may be terminated by one month's notice, which need not be written or personally served (*see* Real Property Law § 232-b; *Matter of Mahon v Neely*, 193 AD2d 879, 880 [1993]; *Nadeau v Tuley*, 160 AD2d 1130, 1131 [1990], *lv dismissed* 76 NY2d 846 [1990]). The record contains petitioner's notice advis-

---

* The record indicates that the recording equipment was being repaired at the time of the hearing.

ing respondent of the termination of the tenancy, together with his affidavit asserting that he mailed this notice. Respondent thereafter complained in writing, among other things, that he was being asked to "get out." The record thus fully supports the conclusion that petitioner gave respondent the requisite notice and effectively terminated the tenancy.

Respondent's remaining arguments have been considered and found to be without merit.

Mercure, A.P.J., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.