Lahtinen, J.
Petitioner sought various records pertaining to a December 22, 2009 traffic stop in the City of Albany from respondents pursuant to the Freedom of Information Law (see Public Officers Law art 6). Unsatisfied with the response to his requests, he eventually commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.
At issue here are three requested records: (1) video footage from a still camera at the intersection of Central Avenue and Ontario Street for the afternoon of December 22, 2009; (2) video footage from the in-car camera in the patrol unit that made the initial traffic stop of petitioner; and (3) a printout from that *1044 same patrol unit. With regard to the request for video footage from the still camera at Central Avenue and Ontario Street, respondents adequately established its nonexistence by informing petitioner that the City of Albany Police Department only maintains those records for 14 days due to hard drive limitations, and petitioner’s initial request came well after that 14-day period (see Matter of Engels v Town of Parishville, Records Assessor Officer, 86 AD3d 889, 890 [2011]).
Turning to the remaining records from the patrol unit that made the initial traffic stop, respondents submitted an affidavit from the custodian of records of the police department averring that all other records relating to petitioner’s December 22, 2009 arrest were provided. As Supreme Court correctly observed, it was then incumbent upon petitioner to show otherwise (see Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). Petitioner has failed to set forth any facts which would indicate that the requested documents exist. Moreover, the record indicates that the patrol unit that made the initial traffic stop of petitioner was a reserve unit and not equipped with audio or video devices.
Mercure, J.E, Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.