North Shore Cardiac Imaging, P.C., Respondent, Dr.
against
Robert Glaser, Appellant.




Law Office of Noel Munier (Noel Munier of counsel), for appellant.
Feldherr & Feldherr (Craig Feldherr of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy, J.), dated May 30, 2017. The order denied tenant's motion to open his default in appearing in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this commercial holdover proceeding, tenant failed to appear on an adjourned court date, and the District Court stated that it was awarding landlord a default final judgment of possession. However, no final judgment was thereafter entered. Tenant appeals from an order of the District Court denying his motion to open his default.
To open his default pursuant CPLR 5015 (a) (1), tenant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). Here, tenant's proffered defense is that the 30-day notice of termination, served pursuant to Real Property Law § 232-b by regular and certified mail, was improperly served, as landlord did not attempt personal service. However, Real Property Law § 232-b, unlike Real Property Law § 232-a, does not require service pursuant [*2]to RPAPL 735 (see Morse v Brozzo, 94 AD3d 1184, 1185 [2012] [a month-to-month tenancy for property outside of New York City "may be terminated by one month's notice, which need not be written or personally served"]). Moreover, tenant's bald assertion that the petition and notice of petition were improperly served failed to rebut landlord's proper affidavit of service (see HSBC Bank USA, N.A. v Daniels, 163 AD3d 639 [2018]; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [2016]).
As tenant has failed to demonstrate the existence of a meritorious defense, we need not reach the issue of whether tenant established a reasonable excuse for the default (see Oversby v Linde Div. of Union Carbide Corp., 121 AD2d 373 [1986]).
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 25, 2019