Matter of Binghamton Precast & Supply Corp. v New York State Thruway Auth. (2021 NY Slip Op 04399)





Matter of Binghamton Precast & Supply Corp. v New York State Thruway Auth.


2021 NY Slip Op 04399


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

531431
[*1]In the Matter of Binghamton Precast & Supply Corp., Appellant,
v
New York State Thruway Authority, Respondent.

Calendar Date:May 27, 2021

Before:Lynch, J.P., Clark, Aarons and Colangelo, JJ.

Hinman Howard & Katell, LLP, Binghamton (Albert J. Millus Jr. of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Koweek, J.), entered May 7, 2020 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
In December 2018, petitioner, a manufacturing company, submitted a request under the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) to respondent pertaining to the solicitation of bids for construction contracts. According to petitioner, The Fort Miller Co., Inc., one of petitioner's competitors, was selected as a supplier for construction projects in violation of competitive bidding requirements. After respondent requested additional time to respond to the FOIL request, respondent ultimately notified petitioner in July 2019 that, as relevant here, it did not possess responsive documents. Petitioner's administrative appeal was subsequently denied. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, a "meaningful and honest response" to its FOIL request and an evidentiary hearing. Supreme Court dismissed the petition, prompting this appeal by petitioner.
An agency that cannot find documents properly requested under FOIL must certify that it does not possess the requested documents or that such documents could not be located upon a diligent search (see Public Officers Law § 89 [3] [a]; Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; Matter of DeFreitas v New York State Police Crime Lab, 141 AD3d 1043, 1044 [2016]). As relevant here, petitioner requested as item number 2, "[a]ll 'backdrop contracts' awarded to Fort Miller from January 1, 2016 to present, and all bid documents relating to any such contracts." As item number 3, petitioner requested "[a]ll documents relating to the selection of Fort Miller as a sole source provider for precast contract products in connection with [certain construction projects]." The record contains an affidavit from an attorney with respondent responsible for responding to FOIL requests. The attorney averred, consistent with the July 2019 response to petitioner, that respondent was not in possession of documents responsive to petitioner's FOIL request. The attorney specifically stated that Fort Miller "was never selected as a sole source provider"[FN1] for the construction projects at issue and that respondent "did not utilize a 'backdrop contract' with regard to Fort Miller."
With respect to item number 3, petitioner's proof was insufficient to raise a question of fact so as to require a hearing (see Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1421-1422 [2019]). The specifications for the construction projects at issue do list Fort Miller, and no other entity, as the supplier of precast concrete barriers. Although this implies that Fort Miller was the only supplier of the materials, it does not mean that Fort [*2]Miller was the "sole source" within the meaning of State Finance Law § 163 (1) (g). Accordingly, Supreme Court correctly determined that respondent satisfied the applicable FOIL requirements with respect to item number 3 (see Matter of Wright v Woodard, 158 AD3d 958, 959 [2018]; Matter of Engels v Town of Parishville, Records Assessor Officer, 86 AD3d 889, 890 [2011]).
We reach a different conclusion regarding item number 2. To require a hearing, petitioner needed "to articulate a demonstratable factual basis to support [its] contention that the requested documents existed and were within [respondent's] control" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 279 [1996]). Notwithstanding respondent's representation that "backdrop contracts" were not used with respect to Fort Miller, a letter from the Comptroller indicated that "[respondent] procured certain precast products, including the concrete barriers, . . . pursuant to other competitively bid backdrop contracts." Inasmuch as Fort Miller was the only supplier of precast concrete barriers per the specifications for the construction projects, there is a question as to whether a backdrop contract procured through a competitive bidding process exists with respect to Fort Miller.[FN2] As such, a hearing is necessary regarding item number 2. In view of our determination, petitioner's remaining claims are academic.
Lynch, J.P., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition with respect to item number 2 in petitioner's Freedom of Information Law request; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: "Sole source" is defined as "a procurement in which only one offerer is capable of supplying the required commodities or services" (State Finance Law § 163 [1] [g]).

Footnote 2: We also note that, in seeking to convince the Comptroller to approve the construction projects, respondent explained that "[its] use of On-Demand contracts for the procurement of concrete median barrier is not grounds for non-approval." Although the record does not make clear what the differences are, if any, between an On-Demand contract and a backdrop contract, it is concerning that respondent and the Comptroller have used different characterizations.