John D. Bennett, S.
An alleged creditor has petitioned for the appointment of the Public Administrator as administrator of the decedent’s estate.
In her petition she claims she does not possess information regarding the extent of the decedent’s estate but contends that-said decedent conveyed real property prior to her death in an alleged attempt to defraud creditors. Said petitioner commenced an action against the estate of the decedent and the objeetants herein, in the Supreme Court, to set said conveyance aside, and that action is pending. In their answer to the Supreme Court action the objeetants set forth as a defense to said action that the petitioner had not applied for the appointment of a representative for the decedent’s estate. The objectants now contend that the petition herein is premature due to the fact that the decedent died without any estate whatsoever and the relief sought by the petitioner herein should be granted only if she is successful in her Supreme Court action.
Basically the court will not do a futile act. If there is no property in existence to be administered, then there is no need to grant letters of administration (2 Warren’s Heaton, § 150, par. 1, subd. [h]). However, where a debt is claimed against a decedent by an alleged creditor, a representative must be named in order that a cause of action may be presented against the decedent’s estate (Matter of Losee, 119 App. Div. 107).
The objeetants, citing Matter of Tebin (7 A D 2d 720), further contend that this court should not grant the petition to issue letters because another action is pending in the Supreme Court *898 and all proceedings herein should be stayed until a determination is made in that litigation. However, the estate is a named defendant in the said Supreme Court action and an administrator should be appointed to represent the estate in that proceeding. This court would stay any proceedings in this court egarding the matter being litigated in the Supreme Court until a determination is made therein (Matter of Tebin, supra) but must first appoint an administrator .as set forth heretofore (cf. Matter of Wolff, 9 A D 2d 92.9). Accordingly, the petitioner’s motion to strike the objections interposed by the objectants to the issuance of limited letters of administration, restricted to the defense of the pending Supreme Court action pursuant to section 89 of the Surrogate’s Court Act, insofar as the same aver that there is no necessity for the issuance of said letters and because another action is pending, is granted. In default of the qualification of one or more of the objectants for letters as set forth herein within 15 days from the service of a copy of the decree herein, limited letters will issue to the Public Administrator.