■    In the Matter of the Estate of ARTHUR E. KETTLE, Deceased. CATHERINE C. KETTLE, Respondent-Appellant; MARINE MIDLAND BANK, Appellant-Respondent.—Decree unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to each party filing briefs, payable out of the trusts pro rata. Memorandum: When testator made his will he owned a substantial block of stock in TRW, Inc., which he had inherited from his parents and which had been a source of considerable support for them and him. In paragraph eleventh of the will he provided: "Without limitation of the powers conferred upon them or either of them by statute or by general rules of law, my Executrix and my Trustee are specifically authorized and empowered: (1) In their discretion to retain any property owned by me at the time of my death. I note that the bulk of my income-producing assets at the time of my death will probably consist of securities of TRW, Inc., and of Hydraulic Products Corporation, now having its principal office and place of business at 11 Harrison Street, Jamestown, New York, and I note that *I am particularly desirous that my TRW, Inc., securities be retained by my Executrix and by my Trustee unless compelling reasons arise for the disposal thereof.*" (Emphasis added.) The testator named his widow as executrix and respondent bank as trustee of the three trusts created in the will. Upon settling her accounts in June, 1977 the executrix turned over to the trustee 5,068 shares of TRW stock "in kind", and the trustee expressly accepted it as a proper trust investment. Within less than two months, however, the trustee sold 2,468 shares of the stock, over the objection of the widow, petitioner herein, who promptly instituted this proceeding to require the trustee to repurchase such stock and restore it to the trusts on the ground of breach of trust. She also requested removal of the trustee. The Surrogate granted the petition except that he denied the request for removal of the trustee. On this appeal the trustee argues that the will authorized it to sell the stock and that it did so in good faith in the interest of diversification of the trust holdings. It argues that for exercising its good faith judgment as trustee in selling the stock it may not properly be surcharged, that the Surrogate erred in ordering it to repurchase and replace the stock in the trusts at its own expense, to pay to the trusts the expenses of such sale, and to pay petitioner's legal fees and costs of the proceeding, and in denying to it payment from the trusts of its own attorneys fees. Petitioner cross-appeals for removal of the trustee for its deliberate breach of trust. The trustee's asserted reason for selling the stock was to diversify the trust holdings. The trustee acknowledged that the stock was a good investment at the time of the sale. In view of the testator's express request that the stock not be sold in the absence of compelling reason, and the trustee having shown no compelling reason, it is clear that the trustee acted in breach of its trust when it sold the stock, and it did so even in the face of objection by testator's widow beneficiary. The Surrogate was justified, therefore, in directing the trustee to make the trusts whole by repurchasing a like number of shares of TRW stock and restoring them to the trusts pro rata (see *Matter of Rothko,* 43 NY2d 305, 322; 3 Scott, Trusts [3d ed], § 208.4, pp 1688-1689). The trustee's assertion that the provision in the decree requiring it to reimburse the trusts for the income taxes (capital

gains) paid by reason of the sale of the stock amounts to unjust enrichment of the trusts, could be true, depending upon whether those taxes were paid out of the proceeds of the sale before the balance was invested in other securities for the trusts. If such taxes were paid from other trust assets, merely restoring the stock to the trusts would not make them whole, and the decree requiring the trustee to reimburse the trusts for the taxes is correct. We remit to the Surrogate to give the trustee an opportunity to demonstrate, if it can, that the direction in the decree as drawn results in unjust enrichment to the trusts. We find no error in the provision of the decree requiring the trustee individually to pay petitioner's attorneys fees and expenses in this proceeding (see *Matter of Garvin,* 256 NY 518, 521-522). However, in light of petitioner's application for removal of the trustee and the latter's successful defense thereof, we modify the decree to provide that the expenses of the guardian ad litem and the trustee's attorneys fees and disbursements be a charge against the trusts; and the matter is remitted to the Surrogate to make appropriate allowance of trustee's attorneys fees and disbursements on proper application. (Appeals from decree of Chautauqua County Surrogate's Court—trustee account.) Present—Dillon, P. J., Cardamone, Schnepp, Callahan and Witmer, JJ.