■ UNION KOL-FLO CORPORATION et al., Appellants, v DONALD J. BASIL et al., Respondents. DONALD J. BASIL et al., Respondents, v ERNEST R. EDMUNDS et al., Appellants.—Orders unanimously affirmed, with costs, for the reasons stated at Special Term, Ostrowski, J. (Appeals from orders of Niagara Supreme Court—discovery.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ In the Matter of the Estate of ARTHUR E. KETTLE, Deceased. CATHERINE C. KETTLE, Appellant-Respondent; MARINE MIDLAND BANK, Respondent-Appellant.—Decree unanimously modified, and, as modified, affirmed, with costs to the respondent trustee payable out of the trusts, in accordance with the following memorandum: Following our decision on the prior appeal *(Matter of Kettle,* 73 AD2d 786), the Surrogate awarded attorneys' fees and disbursements and made further directions. Testator's widow, petitioner, appeals therefrom insofar as the Surrogate failed to direct that all of such fees and disbursements be charged to the trustee individually. That issue was before us on the first appeal and we decided it. The Surrogate properly denied petitioner's request that the expenses be so charged. Respondent appeals from the decree insofar as (1) it directs the trustee to pay to the principal of the trusts 6% per year on the amounts which it was found to have improperly removed therefrom, until the date of reimbursement thereof; (2) it directs the amount of the allowance and disbursements to the guardian ad litem to be charged to the three trusts equally; and (3) it directs the trustee individually to pay $15,000 in fees to petitioner's attorneys for services which they rendered on the first appeal. We conclude that the Surrogate properly charged respondent 6% on the amounts which it removed from the trusts, payable until it reimbursed the trusts therefor. The direction should be modified, however, to provide that the interest reimbursement be paid to the income accounts of the trusts, rather than to the principal accounts, thus reimbursing those accounts for income lost by reason of the wrongful removal of the stock. We agree with respondent that the fees and disbursements awarded to the guardian ad litem should be charged only against the two trusts in which his ward, Amy, had an interest, to wit, the marital trust and the ultimate trust. In all other respects the decree is affirmed. (Appeals from decree of Chautauqua County Surrogate's Court—judicial settlement.) Present— Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WATTS, Appellant.—Judgment unanimously affirmed. (See *People v Jenkins,* 41 NY2d 307.) (Appeal from judgment of Monroe Supreme Court —criminal sale of controlled substance, third degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.