## (May 24, 1982)

■ ABLE BREAKING CORP., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — In an action to recover damages arising from the breach of two contracts and for reformation of the January 5, 1977 contract, defendant appeals from an order of the Supreme Court, Queens County (Lonschein, J.), dated July 6, 1981, which denied its motion to vacate an order granting plaintiff's motion for entry of a judgment, upon defendant's failure to appear on the motion. Order reversed, with $50 costs and disbursements, defendant's motion granted and order dated May 5, 1981 vacated. The answer to the amended complaint annexed to the moving papers is deemed served. Defendant's answer to the amended complaint was timely, having been mailed on January 5, 1981, the last day of defendant's extended time to effect a joinder of issue (CPLR 2103, subd [b], par 2). Moreover, plaintiff's objection to the answer served, that it was unverified, must be deemed waived in view of its failure to have notified defendant, with due diligence, of its rejection. The approximately eight-day period which elapsed between plaintiff's receipt of the unverified answer and its rejection thereof was unreasonable under the circumstances (see *Matter of O'Neil v Kasler,* 53 AD2d 310; *Matter of Nafalski v Toia,* 63 AD2d 1039). Notwithstanding the fact that the only excuse offered by defendant for its failure to oppose the plaintiff's motion for entry of a judgment on the ground that the defendant did not serve an answer was law office failure (see *Barasch v Micucci,* 49 NY2d 594; *Bruno v Village of Port Chester,* 77 AD2d 580), there was no basis for the entry of an order on default since the answer was timely served. The power of the court to grant relief from judgments entered through mistake, inadvertence, surprise or excusable neglect is inherent (*Ladd v Stevenson,* 112 NY 325; Siegel, New York Practice, § 426). Accordingly, the order denying defendant's application to vacate the default must be reversed. Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.