■ LINCOLN FIRST BANK, N.A., Plaintiff, v ELAINE POLISHUK et al., Respondents, and EDWARD GILBERT, Appellant, et al., Defendants. — Order of the Supreme Court, Westchester County (Marbach, J.), entered March 18, 1983, affirmed insofar as appealed from, with costs. No opinion. Appellant's time to comply with the sixth decretal paragraph of the order appealed from is extended until five days after personal service upon him of a copy of the order to be made hereon, with notice of entry. Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.

■ KEITH MEREDITH et al., Respondents, v HARTFORD INSURANCE COMPANY, Appellant. — In an action, in effect, on an insurance contract, defendant appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated April 27, 1983, which granted plaintiffs' motion to set the matter down for an inquest of damages based upon the defendant's default in answering. Order reversed, with costs, and motion denied. Plaintiffs served a verified complaint. Defendant's attorneys served an unverified answer on the last day within which to make timely service thereof, explaining that they were in the process of having their client verify the same and that they would forward a verified copy to plaintiffs' attorney as soon as it was received by them. Some time thereafter plaintiffs' attorneys rejected the unverified answer pursuant to CPLR 3022. We hold that the plaintiffs' objection to the fact that the answer was unverified was waived because the rejection thereof was not accomplished with "due diligence" (*Able Breaking Corp. v Consolidated Edison Co.,* 88 AD2d 649; *Matter of O'Neil v Kasler,* 53 AD2d 310, 315; *State of New York v McMahon,* 78 Misc 2d 388). Accordingly defendant's answer was not untimely, it was not in default, and Special Term erred in granting plaintiffs' motion to set the matter down for an inquest of damages. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.