■ In the Matter of the Estate of HOWARD N. GARFINKLE, Deceased. JAMES PECK et al., Appellants, et al., Petitioner; BARBARA GARFINKLE et al., Respondents.—Casey, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered February 26, 1985, which, inter alia, dismissed petitioners' applications for the issuance of letters of administration for the estate of Howard N. Garfinkle, deceased.

Alleging themselves to be creditors of Howard N. Garfinkle, who died December 7, 1980, petitioners Bennett Levin and James Peck petitioned Surrogate's Court to grant them letters of administration pursuant to SCPA 1002 (1). Levin's petition was dismissed for his failure to establish that he had a liquidated, unsatisfied claim against decedent, and Peck's petition was dismissed because it was acknowledged rather than verified, as required by SCPA 303.

As to Levin, we are of the view that he has failed to establish that he is a creditor of decedent (see, SCPA 1002 [1]). Levin relies upon an order of the United States District Court for the Eastern District of Pennsylvania, filed in November 1980, which directed entry of judgment in certain amounts against decedent and others. That order also contained certain other relief, including a provision declaring that decedent was liable to indemnify Levin for any losses incurred as the result of work performed on certain New Jersey real estate. However, the record contains a satisfaction, under the appropriate title and docket number, stating that the "liquidated judgment [is] satisfied". Levin's attorney claims that the provision

of District Court's order referring to the New Jersey real estate survived the satisfaction and that "these amounts have neither been liquidated nor have they been paid". Assuming that the satisfaction applied only to the liquidated portions of the Federal court order, Levin has submitted no proof in evidentiary form to establish that he in fact incurred any loss as the result of work performed on the New Jersey property, the event upon which decedent's potential liability is conditioned. We conclude, therefore, that Levin has failed to establish his status as a creditor within the purview of SCPA 1002 (1).

As to Peck, we are of the view that Surrogate's Court erred in dismissing the petition for lack of verification. SCPA 303 requires that all pleadings be verified in the manner provided by CPLR 3020. Since there is no provision in the SCPA governing unverified pleadings, we must look to the CPLR (see, SCPA 102). CPLR 3022 provides that: "Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do." Respondents first objected to the unverified petition in their answer, served at least one month after receipt of the petition. Respondents did not act with due diligence and, therefore, waived the objection (see, Matter of Ames Dept. Stores v Assessor of Town of Concord, 102 AD2d 9, 13; Able Breaking Corp. v Consolidated Edison Co., 88 AD2d 649). A lack of verification should be treated as a technical defect which, in the absence of prejudice to a substantial right of a party, must be disregarded (CPLR 2001; Matter of WNYT-TV v Moynihan, 97 AD2d 555, 556). In these circumstances, we perceive no prejudice to respondents other than the loss of their statutory right to a verified petition, which they have waived.

Additionally, the record establishes that Peck instituted an action in Supreme Court against decedent prior to decedent's death, which will be dismissed if no representative is substituted for decedent. Accordingly, a representative must be named (see, Matter of Smith, 49 Misc 2d 897). Thus, Peck's application for a decree awarding limited letters of administration to decedent's widow, respondent Barbara Garfinkle, for the purpose of defending the Supreme Court action should be granted (see, SCPA 702 [1]).

Order modified, on the law, without costs, by reversing so much thereof as dismissed petitioner James Peck's application; it is directed that limited letters of administration be

issued to respondent Barbara Garfinkle directing her to represent decedent in the Supreme Court action commenced by petitioner Peck; and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.