**QUICK CONTAINER SERVICES, INC., Plaintiff,**

v.

**INTERPOOL LIMITED, Defendant.**

**No. 86 Civ. 4444 (JMW).**

United States District Court, S.D. New York.

March 9, 1987.

Santo R. Sgarlato, Jr. Brooklyn, N.Y., for plaintiff.

Peter W. Flanagan, Kroll, Tract, Pomerantz, & Cameron, New York City, for defendant.

---

## MEMORANDUM AND ORDER

WALKER, District Judge:

The instant action arises out of a contract ("the depot agreement"), under which Plaintiff Quick Container Services, Inc. ("Quick") agreed to store shipping containers and related maritime equipment for Defendant Interpool Limited ("Interpool"). Defendant moves to dismiss, arguing that plaintiff should have raised its depot agreement claims as a counterclaim to a prior action defendant filed with the United States District Court for the Southern District of Texas, Houston Division ("the Houston litigation"). For the reasons set forth below, defendant's motion to dismiss is granted.[1]

On September 5, 1985, Defendant Interpool filed its Houston action against Plaintiff Quick, contending that Quick's failure to return equipment it had stored for Interpool gave rise to claims sounding in breach of bailment, conversion, and tortious interference with contractual relations. Quick's answer in the Houston action, filed on September 19, 1985, did not assert any counterclaims against Interpool, but instead simply denied several of the allegations appearing in Interpool's complaint.

On November 27, 1985, the Houston Court, with the consent of the parties, ordered that Quick release all Interpool property held in storage "as quickly as commercially reasonable and practicable...." The Court also ordered Interpool to provide Quick with $20,000 as payment for the storage services Quick had provided.[2] After the issuance of this order, Interpool agreed to the dismissal of the Houston litigation, without prejudice, on February 19, 1986.

Plaintiff Quick's complaint, filed April 29, 1986, alleges that Defendant Interpool failed to pay sums due under the depot agreement, and seeks $2,000,000 compensatory damages, as well as $10 million punitive damages. On November 4, 1986, defendant brought the instant motion to dismiss, arguing that plaintiff should have asserted its instant claims for breach of the depot agreement as counterclaims in the Houston litigation.

The Federal Rules of Civil Procedure state:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fed.R.Civ.P. 13(a). With a few exceptions, not relevant to the instant litigation, "a compulsory counterclaim ... must be pleaded or be forever barred." *Harris v. Steinem*, 571 F.2d 119, 122 (2d Cir.1978); *accord Cyprus Corp. v. Whitman*, 93 F.R.D. 598, 604–06 (S.D.N.Y.1982). Plaintiff admits that it failed to plead the claims which form the basis of the instant action as counterclaims in the Houston litigation. However, plaintiff argues that its instant action, based on the depot agreement, does not arise "out of the transaction or occurrence" which formed the basis of the Houston litigation.

In determining when a cause of action must be brought as a compulsory counterclaim, "this Circuit generally has taken a broad view, not requiring 'an absolute identity of factual backgrounds ... but only a logical relationship between them.'" *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir.1979) (quoting in part *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213, 216 (2d Cir.1955)). *See also*

---

1. The local rules of this district require: "The opposing party shall serve and file with the papers in opposition to the motion ... an answering memorandum ... setting forth the points and authorities relied upon in opposition." S.D.N.Y. R. 3(b). Plaintiff's failure to file such a memorandum represents an independent ground for granting the instant motion to dismiss.

2. The Houston court order required Quick to reimburse Interpool if Quick had lost or damaged any of the equipment placed in storage by Interpool.

*Federman v. Empire Fire & Marine Insurance Co.,* 597 F.2d 798, 812 (2d Cir. 1979). This Court finds that plaintiff's instant action and the Houston litigation involve the similar factual and legal issues necessary for classification of plaintiff's instant action as a compulsory counterclaim. Although plaintiff argues that the depot agreement which forms the basis of the instant suit was not at issue in the Houston litigation, Interpool's complaint in this earlier proceeding explicitly asserted the depot agreement as a ground for its recovery of the equipment stored by Quick. Where one party brings an initial suit for breach of contract, such as Interpool's Houston action, an adverse party may not file a subsequent action based on the same contract, unless this action was pleaded as a counterclaim in the initial suit. *See, e.g., National Equipment Rental, Ltd. v. Fowler,* 287 F.2d 43, 46 (2d Cir.1961); *Berkshire International Corp. v. Marquez,* 69 F.R.D. 583, 588–89 (E.D.Pa.1976). Plaintiff cites no case law suggesting that this principal should not apply to the instant case.

In short, plaintiff's failure to assert the instant action as a counterclaim in the Houston litigation forecloses the subsequent maintenance of this suit. Accordingly, defendant's motion to dismiss is granted.

SO ORDERED.