■ In the Matter of BRIAN X., Alleged to be a Mentally Retarded Adult. WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, Appellant; E. PAUL HOSKINS, as Guardian ad Litem for BRIAN X., Respondent.—Mercure, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered June 26, 1990, which, in a proceeding pursuant to SCPA article 17-A, fixed the fee of the guardian ad litem and directed petitioner to make payment.

Petitioner made application to Surrogate's Court pursuant to SCPA article 17-A for letters of guardianship over the person and property of Brian X., alleged to be a mentally retarded person. Surrogate's Court appointed E. Paul Hoskins as Brian's guardian ad litem and, following a hearing, granted the petition to the extent of appointing the Association for Retarded Children of the State of New York, Inc. as guardian of Brian's person only. Surrogate's Court subsequently issued an order fixing Hoskins' compensation at $816.10 and directing payment by petitioner. Petitioner appeals.

There must be a reversal. SCPA 405 (1) expressly provides that the compensation of a guardian ad litem shall be paid "from the estate or from the interest of the person under disability or from both in such proportion as directed by the court". It is undisputed that Brian has insufficient assets to compensate Hoskins, and Surrogate's Court lacked authority to direct payment from any other source or by any other party *(see, Matter of Mark V.,* 80 Misc 2d 986, 990; *see also, Matter of Kettle,* 79 AD2d 860). While it is true that CPLR

1204 authorizes payment for a guardian ad litem's services "in whole or part by any other party", that statutory provision has no application in a Surrogate's Court proceeding *(see, Matter of Mark V., supra)*. It is fundamental that where, as here, a specific procedure is provided by the SCPA, an inconsistent CPLR provision will not apply *(see,* SCPA 102; *Matter of Garfinkle,* 119 AD2d 911, 912; *Matter of Mark V., supra)*.

Casey, J. P., Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs.