Ronnie SMITH, Plaintiff,

v.

Sam PLANAS, Melody Hotley, Donna King, Barbara Thompson, and Ray Sumaya, Defendants.

No. 90 Civ. 1732 (MJL).

United States District Court,
S.D. New York.

Dec. 2, 1993.

Putney, Twombly, Hall & Hirson, New York City by Michael T. McGrath, for defendants.

Ronnie Smith, plaintiff pro se.

## OPINION AND ORDER

LOWE, District Judge.

Before the Court is a motion for reargument of this Court's Order filed July 20, 1993, pursuant to Local Civil Rule 3(j) of this Court. The motion has been made by Michael T. McGrath ("McGrath") of the law firm of Putney, Twombly, Hall & Hirson, who acted as counsel on behalf of defendant Barbara Thompson ("Thompson"). Also before the Court is a motion by *pro se* plaintiff Ronnie Smith ("Plaintiff") to amend his complaint pursuant to Fed.R.Civ.P. 15. For the reasons below, McGrath's motion is granted in part. Consideration of Plaintiff's motion to amend is held in abeyance as stated below.

## BACKGROUND

Thompson, one of several defendants to this Title VII action, died on August 16, 1992. A document entitled "Suggestion on Record of Party's Death" was filed by McGrath on October 14, 1992. Subsequent to the filing of this suggestion, McGrath moved to dismiss the action against Thompson pursuant to Fed.R.Civ.P. 25(a). McGrath's motion argued that Plaintiff's cause of action did not survive Thompson's death, and that, in any case, if no motion to substitute was timely made under Rule 25(a) then the action against Thompson must be dismissed. Plaintiff timely moved for substitution of Thompson pursuant to Rule 25(a).

By Order filed July 20, 1993 (the "July Order"), McGrath's motion to dismiss was denied, and Plaintiff's motion to substitute was granted. The action against Thompson was found to survive her death, and the

motion for substitution was found to be timely served. Thompson's estate was substituted as a defendant in Thompson's place.

McGrath now moves for reargument of the portion of the July Order which substitutes the estate in place of Thompson. The grounds for reargument are that: (1) Plaintiff failed to serve his motion for substitution upon him as required by Rules 25 and 5 of the Federal Rules of Civil Procedure; and (2) the Court erred in substituting the estate as a party.

## DISCUSSION

### I. *Motion for Reargument.*

McGrath contends that Plaintiff never served him with a copy of the motion for substitution. Motions for substitution must be "served on the parties" in accordance with Rule 5 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 25(a). McGrath states that a "review of the papers filed by the *pro se* plaintiff indicates that there is no certification or other proof of service as required by FRCP Rule 5 and Local Civil Rule 3(c)(3)."[1] Memorandum of Law in Support of Motion for Reargument, p. 5. Appendix 1 of McGrath's memorandum of law contains an incomplete copy of the papers filed by Plaintiff in support of his motion to substitute. Plaintiff actually filed a signed, sworn affirmation of service dated November 25, 1992. This affirmation is appended to the back of his notice of motion and attached affidavit. McGrath's unsworn statement regarding an absence of proof of service is patently incorrect.

■ Thompson's true successor to this action is, as previously stated by the Court, her estate. However, before a motion to substitute may be granted, a representative of Thompson's estate must be named as the proper party for substitution. *See Matter of Estate of Garfinkle,* 119 A.D.2d 911, 500 N.Y.S.2d 863, 865 (3 Dept.1986) (citing *Mat-*

ter of Estate of Smith, 49 Misc.2d 897, 268 N.Y.S.2d 773, 774 (Sur.1966)). Paul Ottens, Thompson's husband, swears in an affidavit dated October 4, 1993 that there is no representative of Thompson's estate.[2] As there is not yet a party to be substituted on behalf of Thompson, Plaintiff's motion is denied and dismissed without prejudice pending appointment of a representative of Thompson's estate who may properly defend against this action. Plaintiff may renew his motion after a representative is appointed by following the procedures set forth in Fed.R.Civ.P. 25(a) and Fed.R.Civ.P. 5. Plaintiff may also contact the *Pro Se* Office of this Court for assistance in seeking appointment of an executor or administrator to represent the estate of Thompson. *See* SCPA §§ 1002(1), 1402(1)(c).

■ It must be noted that Plaintiff is not estopped from filing a renewed motion for substitution because of the prior filing of the "suggestion of death" by McGrath. Rule 25(a) provides that if a motion for substitution is not made within 90 days after death is suggested, the action shall be dismissed as to the decedent. The Court finds the "suggestion of death" filed by McGrath insufficient to start the running of this 90 day clock. It is well settled that for a suggestion of death to be valid and invoke the 90 day limit, it must identify the successor or representative who may be substituted for the decedent. *Young v. Patrice,* 832 F.Supp. 721 (S.D.N.Y. 1993); *Gronowicz v. Leonard,* 109 F.R.D. 624, 627 (S.D.N.Y.1986); *In re Klein,* 36 B.R. 390, 392–93 (Bkrtcy.E.D.N.Y.1984); *Al-Jundi v. Rockefeller,* 88 F.R.D. 244, 246–47 (W.D.N.Y.1980); *Rende v. Kay,* 415 F.2d 983, 985–86 (D.C.Cir.1969). *See also* Form 30, Appendix of Forms to the Federal Rules of Civil Procedure.

■ Furthermore, the attorney for the decedent has no authority to suggest the death of his or her client upon the record. The

---

1. Local Civil Rule 3(c)(3) provides that improperly served motion papers will not be accepted for filing except upon special permission for good cause shown.

2. Thompson's husband also swears that the estate contains no assets. This contention is con-

tained in McGrath's motion. However, this does not warrant denial of a motion to substitute where a debt is claimed. *See* EPTL 11–4.5 ("Want of assets not to be pleaded by personal representative"); *Matter of Estate of Smith,* 49 Misc.2d 897, 268 N.Y.S.2d 773, 774 (Sur.1966).

attorney is not a party to the action and the attorney's authority to represent the decedent terminated upon death. A representative of the deceased party, and not that party's attorney, must make the suggestion of death. *In re Klein,* 36 B.R. at 393; *Al-Jundi,* 88 F.R.D. at 246; *Rende,* 415 F.2d at 985; Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1955 (1986).

■ The "suggestion of death" filed in the instant action is defective for two reasons. First, it fails to identify a representative who may be substituted on Thompson's behalf. Second, it was filed by McGrath who signed it as attorney for Thompson. Prior to his retention by the yet to be determined estate representative, McGrath may not suggest Thompson's death upon the record. No valid suggestion of death has been filed upon the record and the 90 period in which to make a motion to substitute has not commenced.

## II. *Motion to Amend Complaint.*

Plaintiff previously requested substitution of Thompson with her estate or her employer, Gracie Square Hospital. In the July Order, the Court made clear that joining an employer is a matter of amendment and not substitution. Plaintiff now moves for an order granting leave to file a third amended complaint. While Plaintiff's motion papers do not set forth clearly the type of amendment sought, he apparently seeks to name Gracie Square Hospital as a defendant.

■ Rule 7(b) of the Federal Rules of Civil Procedure requires that motions "state with particularity the grounds therefor, and shall set forth the relief or order sought." Fed.R.Civ.P. 7(b). In order to satisfy the prerequisite of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1485 (1990). Where the proposed amended complaint does not accompany the motion to amend, the Court may hold the motion in abeyance pending the filing of that proposed complaint, *see Schwab v. Nathan,* 8 F.R.D. 227, 228 (S.D.N.Y.1948), or the Court may deny the motion without prejudice. *See Lilly v. United States Lines Co.,* 42 F.Supp. 214 (S.D.N.Y.1941). *But see Christiana Gen. Ins. Corp. v. Great Am. Ins. Co.,* 745 F.Supp. 150, 164 (S.D.N.Y.1990) (amendment allowed where defendant was not unduly prejudiced). Plaintiff's motion to amend must include a copy of the proposed amended complaint before it will be considered.

■ Although no parties have opposed the naming of Gracie Square Hospital as an additional defendant, neither the Court nor any party is aware of the exact nature of the proposed amendments to Plaintiff's complaint. Consideration of Plaintiff's motion to amend will be held in abeyance. Plaintiff is directed to file a copy of the *entire* proposed third amended complaint—including the charges against all defendants—with the Court and to serve the same upon all parties on or before January 10, 1994. Proof of service must be filed. Papers in opposition to the motion to amend must be served and filed on or before January 18, 1994. Plaintiff's reply papers, if any, must be served and filed on or before January 24, 1994. The proposed amended portion of the complaint is limited to the joinder of Gracie Square Hospital as a defendant and to the charges against this proposed defendant. No other changes will be permitted pursuant to the instant motion.

## CONCLUSION

The motion for reargument filed by McGrath is granted in part, without costs. The portion of the Court's Order filed July 20, 1993 which granted Plaintiff's motion to substitute is vacated. Plaintiff's motion to substitute is dismissed without prejudice as stated above. Plaintiff may renew this motion by following the procedure set forth above.

Plaintiff's motion to amend is held in abeyance as stated above. The return date of Plaintiff's motion to amend is reset to January 26, 1994.

It is SO ORDERED.