■ Donald Rozz, Appellant, v Law Offices of Saul Kobrick, P.C., et al., Defendants, and NHPI, LLC, et al., Respondents. [22 NYS3d 113]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), entered January 22, 2013, which (a) denied his cross motion for leave to enter a default judgment against the defendant NHPI, LLC, on the issue of liability, to preclude that defendant from conducting discovery, or, in the alternative, in effect, for an award of costs against that defendant, and granted the motion of the defendant NHPI, LLC, pursuant to CPLR 3012 (d) to compel him to accept late service of its answer, and (b) denied his cross motion for leave to enter a default judgment against the defendant Riesterer's Bakery, Inc., on the issue of liability, to preclude that defendant from conducting discovery, or, in the alternative, in effect, for an award of costs against that defendant, and granted the motion of the defendant Riesterer's Bakery, Inc., pursuant to CPLR 3012 (d) to compel him to accept its unverified answer.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to enter a default judgment against the defendant NHPI, LLC (hereinafter NHPI), on the issue of liability, to preclude NHPI from conducting discovery, or, in the alternative, in effect, for an award of costs against that defendant, and in granting NHPI's motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept late service of its answer. Considering the lack of any prejudice to the plaintiff as a result of NHPI's relatively short delay in serving its answer, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court properly excused NHPI's delay in answering (see *Youth v Grant*, 126 AD3d 893, 893-894 [2015]; *Feder v Eline Capital Corp.*, 80 AD3d 554, 554-555 [2011]).

Further, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to enter a default judgment against the defendant Riesterer's Bakery, Inc. (hereinafter the bakery), on the issue of liability, to preclude the bakery from conducting discovery, or, in the alternative, in effect, for an award of costs, and in granting the bakery's motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept its unverified answer. The bakery's answer was timely because it was served within 20 days of the date the bakery was served with the verified complaint (see CPLR 3012 [a]). Moreover, the plaintiff's objection to the bakery's answer, on the ground that it was unverified, is deemed waived in view of the plaintiff's failure to notify the bakery of his rejection of the answer with due diligence. The approximately

15-day period between the plaintiff's receipt of the bakery's unverified answer and his rejection thereof was unreasonable (*see* CPLR 3022; *Ligotti v Wilson*, 287 AD2d 550 [2001]; *Theodoridis v American Tr. Ins. Co.*, 210 AD2d 397 [1994]; *Ritangela Constr. Corp. v State of New York*, 183 AD2d 817 [1992]; *Meredith v Hartford Ins. Co.*, 99 AD2d 483 [1984]; *Able Breaking Corp. v Consolidated Edison Co. of N.Y.*, 88 AD2d 649 [1982]).

The plaintiff's remaining contentions are without merit.

Accordingly, the order must be affirmed. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.